Robert L. Parker, Ph.D.
5468 Collier Avenue
San Diego, CA 92115
505-554-6507 (mobile)
no fax

Plaintiff in pro per

# UNITED STATES DISTRICT COURT

## IN AND FOR THE SOUTHERN DISTRICT OF CALIFORNIA

ROBERT L. PARKER, PH.D., an individual,

             Plaintiff,

      v.

CITY OF SAN DIEGO;
SDSU POLICE DEPARTMENT;
REGENTS OF CALIFORNIA STATE UNIVERSITY;
POLICE CHIEF JOSH MAYS, an individual;
JONATHAN BECERRA, an individual;
CARRIE HOGAN, an individual;
NORMA CRUZ, an individual;
PAUL MCCLAIN, an individual;
TRACI STECKLER, an individual;
ANTHONY CALVERT, an individual;
DOES 1-50, individuals;

             Defendants.

3:24-cv-00518-JES-DDL

**PLAINTIFF'S OPPOSITION TO THE MOTION TO DISMISS OF DEFENDANTS SDSU POLICE DEPARTMENT, POLICE CHIEF JOSH MAYS, JONATHAN BECERRA, CARRIE HOGAN, NORMA CRUZ, PAUL MCCLAIN, TRACI STECKLER and ANTHONY CALVERT.**

**[FRCP 12(b)(6)]**

Date     : July 3, 2024
Time    : 10:00 a.m.
Judge   : James E. Simmons, Jr.
Courtroom : 4B
Filed    : March 18, 2024
Trial     : Not Set

## I.     INTRODUCTION

Plaintiff Robert L. Parker, Ph.D. ("Plaintiff") respectfully submits this opposition to the Motion to Dismiss the First Amended Complaint (FAC) by Defendants SDSU Police Department, Josh Mays, Jonathan Becerra, Carrie Hogan, Norma Cruz, Paul McClain, Traci Steckler, and Anthony Calvert (collectively, "Defendants" or "SDSUPD Defendants".) SDSUPD Defendants

1   present a factual foundation that may not be derived from the FAC, is not

2   supported by any documentary evidence or request for judicial notice, and is

3   wholly fabricated and false. On this basis alone, the Motion should be denied.

4        It is not surprising that SDSUPD Defendants have advanced arguments on

5   unsubstantiated and false facts; Plaintiff levels no accusation that counsel bears

6   blame for the fabrications. As stated in the FAC, misrepresentation of facts is a

7   fundamental characteristic of the evidence advanced by SDSUPD Defendants in

8   supporting malicious prosecution; "All SDSUPD Defendants [...] knew that

9   evidence they provided to the City Attorney was fabricated and false, yet they

10  continued in their support of the truth of that evidence ..." (FAC  ¶ 17.)

11       Additionally, SDSUPD Defendants present an absurd interpretation of Cal.

12  Penal Code 626.6. In combination with their misrepresentation of facts, their

13  arguments do not advance a position worthy of opposition. Plaintiff's First

14  Amended Complaint (FAC) should not be dismissed under Federal Rule of Civil

15  Procedure 12(b)(6).

16       Plaintiff does not oppose SDSUPD Defendants' request for a more definitive

17  statement of claims pursuant to FRCP 12(e).

18

19                        **II.    LEGAL STANDARDS**

20       Under Federal Rule of Civil Procedure 12(b)(6), a complaint should not be

21  dismissed if it contains sufficient factual matter, accepted as true, to state a claim

22  to relief that is plausible on its face (*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

23  The court must accept all factual allegations in the complaint as true and draw all

24  reasonable inferences in favor of the plaintiff (*Bell Atl. Corp. v. Twombly*, 550

25  U.S. 544, 555-56 (2007)).

26       "On a motion to dismiss, it is the defendant's burden to demonstrate that

27  plaintiff has failed to state a claim. See *Avalanche Funding, LLC v. Five Dot*

28  *Cattle Co*., No. 2:16-cv-02555-TLN-KJN, 2017 U.S. Dist. LEXIS 201103, 2017

WL 6040293, at *3 (E.D. Cal. Dec. 6, 2017) ("In the context of a motion to dismiss, the burden is on the defendant to prove that the plaintiff failed to state a claim."); see also *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005) (on a Rule 12(b)(6) motion, the "defendant bears the burden of showing that no claim has been presented."); *Bangura v. Hansen*, 434 F.3d 487, 498 (6th Cir. 2006) ("district court erroneously placed the burden on Plaintiffs [**7]  to demonstrate that they stated a claim for relief" and "[b]ecause . . . Defendants failed to meet their burden of proof, . . .the district court should have dismissed Defendants' motion.")." *Shay v. Apple Inc.*, 512 F. Supp. 3d 1066, 1071 (S.D. Cal. 2021).

Each of SDSUPD Defendants' arguments fall apart when misrepresentations of fact and law are removed.

## III.   ARGUMENT

Each of Plaintiff's rebuttal arguments here, being supplementary to the FAC and being sometimes presented without evidence, are offered as amendments to the FAC. However, such amendment is not necessary, as the supplementary rebuttal arguments only serve to demonstrate the lack of evidentiary support and contradictions to the FAC that dominate SDSUPD Defendants' argument.

### A.    SDSUPD Defendants Argue from Incorrect Facts.

SDSUPD Defendants make the following misrepresentations of facts in their Memorandum of Points and Authorities (the "Motion", also "Mot."), ECF No. 12-1 (proceeding sequentially through the document.)

1. "This matter is an extension of a related prior civil rights action (*Parker v. SDSU Police Department, et al*, No. 3:20-cv-00661-WQH-JLB), which was summarily adjudicated by this court on June 10, 2022 as *lacking in merit*." (Mot. At 06:03.) (Emphasis added.) To the contrary, the court concluded  that Parker's unlawful arrest claim was meritorious, finding that

Parker was arrested without probable cause. The claim was dismissed on grounds of qualified immunity, and the ruling is under Ninth Circuit appeal as case number 23-55771. SDSUPD Defendants offer no evidence for this prejudicial and false accusation of a previous action's lack of merit.

2. "This case revolves around Parker's appearance on the SDSU campus on February 10, 2020, when *plaintiff was interfering with the peaceful conduct of the athletic center*." (Mot. At 06:12.) (Emphasis added.) To the contrary, Plaintiff has alleged the opposite (FAC ¶ 6) and SDSUPD Defendants offer no evidence for this factual underpinning of the Motion.

3. "Plaintiff was *escorted off campus* pursuant to Penal Code § 626.6(a), and a Penal Code § 626.6(c) notice was prepared." (Mot. At 06:12.) (Emphasis added.) This is an abjectly dishonest and false fabrication and SDSUPD Defendants offer no evidence for this factual underpinning of the Motion. In fact, no action whatsoever was taken toward Parker by anybody, anywhere, anyhow by any SDSU or SDSUPD person on February 10, 2020 or February 11, 2020.

4. "On February 12, 2020, plaintiff was served with a notice to stay off campus for seven days (*until February 19, 2020*) pursuant to Penal Code § 626.6(c)." (Mot. At 06:14.) (Emphases added.) To the contrary, the written notice provided to Parker (FAC ¶ 11) made no mention of the date of February 19, 2020, and SDSUPD Defendants offer no evidence for this factual underpinning of the Motion.

5. "In short, *the case admittedly addresses the State and State officials acting in their official capacities. The caption actually addresses one defendant as "Police Chief Josh Mays*" […]." (Mot. At 09:23.) (Emphasis added.) To the contrary: First, "Regents of CSU (sic) and SDSUPD are not Defendants to the First Cause of Action" (FAC, First Cause of Action, preceding ¶ 5.) (Plaintiff should have named "Board of Trustees of CSU" instead of

"Regents" as Defendant to the Second Cause of Action.) Second, each of the other SDSUPD Defendants are clearly named in the caption as "an individual" (FAC at 1, caption.)

6. "In this case, plaintiff *was disruptive while on the SDSU campus* and *was accordingly escorted off campus* and *directed to leave* pursuant to Penal Code § 626.6(a)." (Mot. At 11:18.) (Emphasis added.) This misrepresentation echoes the misrepresentations of list items #2 and #3 in this section, while adding the fabrication that Parker was *directed to leave* the campus on February 10, 2020. As stated in list item #3 in this section, "In fact, no action whatsoever was taken toward Parker by anybody, anywhere, anyhow by any SDSU or SDSUPD person on February 10, 2020 or February 11, 2020." SDSUPD Defendants offer no evidence for this factual underpinning of the Motion.

**B.     SDSUPD Defendants Argue from a Misrepresentation of Cal. Penal Code § 626.6.**

SDSUPD Defendants make the following misrepresentations of Penal Code § 626.6 in their Motion. (Proceeding sequentially through the document.)

1. "On February 12, 2020, plaintiff was *served with a notice* to stay off campus for seven days (until February 19, 2020) *pursuant to Penal Code § 626.6(c)*." (Mot. At 06:14.) (Emphases added.) The statute does not authorize *service* of a *written "stay away" notice*, and SDSUPD Defendants offer no evidence for this factual underpinning of the Motion. To the contrary, on February 12, 2020, officers "delivered" – not *served* – "a notice purporting to be supported by PC 626.6." (FAC ¶ 11.) The statute makes no mention of *service* of notice. The statute merely states that an official "may direct the person to leave the campus or facility" (FAC ¶ 3 at

line 22) and authorizes no demand for identification or requirement that the person provide any personal information. The "may direct" authority of the statute is permissive but does not state that the person has, at that point, committed any crime. It is highly likely that SDSUPD Defendants and all other SDSUPD officers would, in the future, unlawfully arrest any person who refused to provide identification when unlawfully demanded to do so under authority of PC 626.6, and Plaintiff requests leave to amend the FAC to request the injunctive relief of protection from such unlawful demand and arrest.

2. "This entire action is based upon the ill-conceived notion that a person leading or committing a disturbance on campus and told to leave pursuant to Penal Code § 626.6(a), must be allowed back on campus to create more havoc before being *served written "stay away" notice pursuant to Penal Code § 626.6(c)*." (Mot. At 06:19.) (Emphasis added.) Certainly, police may communicate in writing. However, what is authorized by the statute is that "if a person […] enters a campus or facility, and it appears […] that the person *is committing* any act likely to interfere with the peaceful conduct of the activities of the campus or facility" (PC 626.6(a), see FAC ¶ 3 at 03:22) then, *at that time*, an official "may direct the person to leave the campus or facility" (ibid.) and "*When a person is directed to leave* pursuant to subdivision (a), the person directing him or her to leave *shall inform the person that if he or she reenters* […] within seven days he or she will be guilty of a crime. (2020 Cal Penal Code § 626.6)" (PC626.6(c), see FAC ¶ 3 at 04:02.) (Emphases added.) The temporal restriction on this authority is clear. The person may be directed to leave at the time the person *is committing* an act. *When* the person is directed to leave (*at that exact time*), he *shall* be informed of the criminal consequences of reentry. This interpretation is straightforward. Defendants chose and continue to choose

a different interpretation that is illogical to the point of being silly. They don't do so because they themselves are silly. They do so because they are malicious, as alleged in the FAC.

3. "Thereafter, a written notice was prepared *pursuant to Penal Code § 626.6(c)* […]." (Mot. At 11:20.) (Emphasis added.) This misrepresentation of law echoes the misrepresentation in items #1 and #2 in this section.

4. "Nothing in the statutory framework requires *service* of the *written notice* while plaintiff is actively disrupting the campus, nor does subsection (c) require that the notice be served on campus." (Mot. At 11:23.) (Emphasis added.) To the contrary, (ignoring the crafted words *service* and *written notice*) that is exactly what the statute requires. The statute specifies the on-campus location for direction to leave (§ 626.6(a)) and coincident informing ("shall inform") of potential criminal consequences (§ 626.6(c).) The absurdity of Defendants' interpretation is addressed in items #1 and #2 of this section.

5. "Moreover, *the statute states* that the "stay away" order *can extend* seven days after *service*." (Mot. At 12:02.) (Emphasis added.) As shown in list items #1 and #2 of this section, this is an absurd misrepresentation of the statute. There is no *service*.  The statute quite clearly times that the *direction to leave* must occur *on campus*, at the time the person "is committing" the act, and the informing of consequences of failure to "stay away" for exactly seven days *shall* occur coincident with the direction to leave.

## C.  Plaintiff has No Burden to Dissect and Repair Arguments of SDSUPD Defendants

SDSUPD Defendants base their entire Motion on the enumerated misrepresentations of facts and misrepresentations of law. Their burden to

demonstrate that plaintiff has failed to state a claim cannot be met by misinterpretation, and Plaintiff has no obligation to dissect their arguments and repair them by deleting falsehoods.

SDSUPD Defendants had the opportunity to try to keep Parker off the SDSU campus through the appropriate process of a civil restraining order. That process requires affidavits with signatures under penalty of perjury. Instead, they advanced fabricated and false police reports from a previous arrest (see FAC ¶ 17) as evidence that Parker was in violation of an absurd interpretation of PC § 626.6. Having initiated a malicious prosecution on fabrications, they then sought a restraining order in an ex parte hearing, supporting the request with those same unsworn, fabricated statements of SDSUPD officers. (See FAC ¶¶ 26-27.)

SDSUPD Defendants advanced prosecution of Parker on unsworn, fabricated statements in police reports. Defendant City of San Diego maintained a policy and custom of administrative initiation of prosecution, foregoing the required sworn statement of review of the facts and determination of probable cause. (See Plaintiff's Opposition to City of San Diego's Motion to Dismiss.)

These Defendants don't want to make statements under penalty of perjury. The process of discovery will break through this reluctance.

//

## IV.   CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court deny SDSUPD Defendants' Motion to Dismiss the First Amended Complaint. Plaintiff does not oppose SDSUPD Defendants' request for a more definitive statement of claims pursuant to FRCP 12(e).

//
//

# V.    REQUEST FOR LEAVE TO AMEND

Plaintiff requests the opportunity to amend the FAC. Plaintiff would offer a more definitive statement of claims pursuant to FRCP 12(e), as requested by SDSUPD Defendants. Plaintiff would request injunctive relief against the "Board of Trustees of CSU" in place of errantly stated "Regents of CSU", and offer other amendments as argued herein.

Dated: June 19, 2024        Respectfully submitted,

Robert L. Parker, Ph.D.  _____

Self-Represented Plaintiff