```
 1  ROB BONTA
    Attorney General of California
 2  RHONDA L. MALLORY
    Supervising Deputy Attorney General
 3  TIM J. VANDEN HEUVEL
    Deputy Attorney General
 4  State Bar No. 140731
     600 West Broadway, Suite 1800
 5   San Diego, CA 92101
     P.O. Box 85266
 6   San Diego, CA 92186-5266
     Telephone:  (619) 738-9095
 7   Fax:  (619) 645-2581
     E-mail:  Tim.VandenHeuvel@doj.ca.gov
 8  Attorneys for Defendants
    SDSU Police Department, Police Chief Josh
 9  Mays, Jonathan Becerra, Carrie Hogan,
    Norma Cruz, Paul Mcclain; Traci Steckler
10  and Anthony Calver
```

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **ROBERT L. PARKER, PH.D.**, an individual,<br><br>Plaintiff,<br><br>v.<br><br>**CITY OF SAN DIEGO; SDSU POLICE DEPARTMENT; POLICE CHIEF JOSH MAYS; JONATHAN BECERRA, an individual; CARRIE HOGAN, an individual; NORMA CRUZ, an individual; PAUL MCCLAIN, an individual; TRACY STECKLER, an individual; OFFICER CALVERT, an individual DOES 1-550, individuals,**<br><br>Defendants. | 24CV0518 JES DDL<br><br>**SDSU POLICE DEPARTMENT, POLICE CHIEF JOSH MAYS, JONATHAN BECERRA, CARRIE HOGAN, NORMA CRUZ, PAUL MCCLAIN; TRACI STECKLER and ANTHONY CALVERT's REPLY TO OPPOSITION TO MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT FRCP 12(b)(6);**<br><br>Date:        July 3, 2024<br>Time:        10:00 a.m.<br>Courtroom:   4B<br>Judge:       Hon. James E. Simmons, Jr.<br>Trial Date:  TBD<br>Action Filed:  3/18/2024 |

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. PLAINTIFF'S DISJOINTED OPPOSITION DEMONSTRATES THE VALIDITY OF DEFENDANTS ARGUMENTS

Plaintiff has failed to address the discrete arguments made by defendants as to various aspects of his First Amended Complaint. Moreover, his entire argument section is lacking of any citation to relevant authority. The refusal of plaintiff to address the arguments made should be seen as an admission of their validity.

## II. ELEVENTH AMENDMENT SOVEREIGN IMMUNITY BARS SUIT IN FEDERAL COURT AGAINST THE SDSU POLICE DEPARTMENT, "REGENTS," AND POLICE CHIEF JOSH MAYS

The FAC admits that "Defendant SDSUPD is a branch of the California State University system, an agency of the State of California, operating in San Diego County, California and employing the individual defendant officers, who were acting in the scope of their employment." [FAC ¶ 36.] The FAC also purports to name the "Regents of the California State University" which do not exist.[1]

The FAC admits that "Defendant SDSUPD is a branch of the California State University system, an agency of the State of California, operating in San Diego County, California and employing the individual defendant officers, who were acting in the scope of their employment." [FAC ¶ 36]. In short, the case admittedly addresses the State and State officials acting in their official capacities. The caption actually addresses one defendant as "Police Chief Josh Mays" who allegedly directed the arrest of Parker on February 18, 2020, and purports to name the non-existent "Regents of California State University." [FAC ¶ 13; caption].

The Eleventh Amendment provides sovereign immunity from suit in federal court to the State and State officials acting in their official capacities.

"The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United

---

[1] The Regents of the University of California is an entity created by the State Constitution and governing the University of California system. San Diego State University is not part of the University of California system.

States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. Amend. XI.

### III. THE SECOND CAUSE OF ACTION DOES NOT STATE FACTS SUFFICIENT TO DEMONSTRATE PLAINTIFF CAN PREVAIL ON THE MERITS, AND WAS PREVIOUSLY REJECTED BY THIS COURT

Plaintiff's Second Cause of Action should also be dismissed. Plaintiff attempted to proceed with this cause of action in his prior civil rights action, USDC Southern District of California case number 20cv661-LL-JLB. In that matter, plaintiff's Tenth Cause of Action for Injunctive Relief complained of the same "unlawful arrest" on February 18, 2020, and sought injunctive relief to prevent the "unlawful application of Cal. 626.6 PC." [Dkt. 1, Complaint ¶ 113.] In short, the exact relief requested in the current Second Cause of Action based upon the same facts pleaded herein. This Court granted summary judgment on that claim, stating in part that:

> "Plaintiff has not shown, or attempted to show, irreparable harm or the likelihood of success on the merits. *See* Fed. R. Civ. P. 65; *Winter v. Nat. Res. Def. Council*, 555 U.S. 7, 20 (2008). Accordingly, to the extent the claim is even before the Court, Defendants are entitled to summary judgment on Plaintiff's claim for injunctive relief" [Dkt. 56, Amended Order Granting Summary Judgment, p. 22, ll.27-p. 23, ll. 3.]

Plaintiff's Second Cause of Action entitled "Injunctive Relief" is based upon the flawed notion that service of a Penal Code § 626.6(c) written notice in an off campus location is an illegal act. This Court previously rejected this claim for relief, and plaintiff should be barred from re-litigating same. Additionally, Plaintiff failed to plead the requirements for injunctive relief, which is "an extraordinary remedy never awarded as a matter of right." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). As Plaintiff failed to fulfill the requirements of seeking this extreme remedy, it has been previously rejected, and it is not a cause of action,

1  SDSUPD Defendants respectfully requests that the Court dismiss the Second Cause
2  of Action.

### IV. PLAINTIFF CONCEDES THE MERIT OF DEFENDANTS FRCP 12(E) ARGUMENT

Given the haphazard organization and content of the First Amended Complaint, SDSUPD defendants moved for a more definitive statement of claims pursuant to FRCP 12(e). Plaintiff has conceded this request. (Opposition, p. 2, ll. 16-17.) To the extent that the Court does not grant the motion to dismiss in its entirety, SDSUPD defendants request granting of the unopposed motion.

### V. CONCLUSION

Plaintiff's First Amended Complaint and the legal theories relied upon simply cannot withstand scrutiny. Based upon the foregoing, SDSUPD defendants request that the Court sustain this motion pursuant to FRCP 12(b)(6) and dismiss the First Amended Complaint in its entirety with prejudice

Dated: June 26, 2024

Respectfully submitted,

ROB BONTA
Attorney General of California
RHONDA L. MALLORY
Supervising Deputy Attorney General

/s/ Tim J. Vanden Heuvel

TIM J. VANDEN HEUVEL
Deputy Attorney General
*Attorneys for Defendants*
*Contracts Only / Tort*

SD2024801509

# CERTIFICATE OF SERVICE

| | |
|---|---|
| Case Name: | **Parker v. City of San Diego, Does 1-50** |
| USDC Case No. | **24CV0518 JES DDL** |

I hereby certify that on **June 26, 2024**, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

**SDSU POLICE DEPARTMENT, POLICE CHIEF JOSH MAYS, JONATHAN BECERRA, CARRIE HOGAN, NORMA CRUZ, PAUL MCCLAIN; TRACI STECKLER and ANTHONY CALVERT'S REPLY TO OPPOSITION TO MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT FRCP 12(b)(6)**

I certify that **all** participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on **June 26, 2024**, at San Diego, California.

| A. Dotson | _[signature]_ |
|---|---|
| Declarant | Signature |

SD2024801509
84605469.docx