MARA W. ELLIOTT, City Attorney
M. TRAVIS PHELPS, Assistant City Attorney
STACY J. PLOTKIN-WOLFF, Senior Chief Deputy City Attorney
California State Bar No. 174793
    Office of the City Attorney
    1200 Third Avenue, Suite 1100
    San Diego, California 92101-4100
    Telephone:  (619) 533-5800
    Facsimile:  (619) 533-5856

Attorneys for Defendant
CITY OF SAN DIEGO

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT L. PARKER, PH.D.,<br><br>    Plaintiff,<br><br>v.<br><br>CITY OF SAN DIEGO: SDSU POLICE DEPARTMENT; POLICE CHIEF JOSH MAYS, an individual; JONATHAN BECERRA. an individual; CARRIE HOGAN, an individual: NORMA CRUZ. an individual; PAUL MCCLAIN, an individual; TRACY STECKLER. an individual; OFFICER CALVERT. an individual; DOES 1-50. individuals,<br><br>    Defendants. | Case No.  3:24-cv-00518-JES-DDL<br><br>**CITY OF SAN DIEGO'S REPLY TO PLAINTIFF'S OPPOSITION TO CITY'S MOTION TO DISMISS AND STRIKE**<br><br>Date    : July 3, 2024<br>Time    : 10:00 a.m.<br>Judge    : James E. Simmons, Jr.<br>Courtroom : 4B<br>Filed    : March 18, 2024<br>Trial    : Not Set |

Plaintiff's opposition brief fails to demonstrate how his First Amended Complaint (FAC) states a plausible claim against the City for malicious prosecution or for injunctive relief. Plaintiff cannot cure these defects through yet another amendment. Thus, the City asks that the Court grant its motion to dismiss with prejudice.

**I.    Plaintiff's First Amended Complaint does not state a plausible claim for municipal liability.**

Plaintiff did not identify a City policy, custom or practice that was the moving force behind an alleged Constitutional violation nor did he allege any facts

to support a claim that such a policy, custom or practice existed. He certainly did not allege any facts to fulfill the causation element of a municipal liability claim. Instead, Plaintiff only alleged a "policy" of the City of initiating prosecution by filing an unsigned criminal complaint with the Court. The remaining allegations in paragraph 18 are based purely on speculation, which does not comport with the pleading obligations under *Ashcroft v. Iqbal,* 556 U.S. 662 (2009).

The FAC pleads, in the alternative, that DOE Defendants 21-50 initiated and maintained the prosecution. Plaintiff's opposition claims the City erroneously presumes DOE Defendants 21-50 were DCAs and the "FAC [did] not even intend to allege that DOES 21-50 are necessarily employees of the Office of the City Attorney." (ECF Doc. 13, pg. 2, ln. 5-9). Such a reading stretches the bounds of reason for who else could it be if not employees of the Office of the City Attorney?

Paragraphs 19-30 of the FAC describe actions by DOE Defendants 21-50 that could only be attributed to DCAs with the Office of the San Diego City Attorney:

¶ 19 – initiated and maintained the prosecution without signing the criminal complaint;

¶ 20 – a prosecutor did not sign the criminal complaint;

¶ 21 – complaining about the verbiage used in the criminal complaint and arguing that it must have been written by someone without legal training "perhaps a summer interns with no more than a high school education";

¶ 22-28 – describing various hearings and complaining that the criminal complaint was not signed by a prosecutor;

¶ 29 – the superior court's grant of the prosecutor's request to dismiss the charge; and

¶ 30 – allegations supporting a request for exemplary damages.

Plaintiff's attempt to argue otherwise defies logic and goes beyond the limits of plausibility. Furthermore, under *Monel v. Dept. of Soc. Servs. of City of New York,* 436, U.S. 658 (1978), the City cannot be vicariously liable for the actions of its employees. Accordingly, the Court should grant the motion to dismiss as to the first cause of action against the City, with prejudice.

## II. Plaintiff's request for injunctive relief is not a cause of action and is not supported by the facts or procedural presentation of this case.

Plaintiff's second cause of action is also defective. As demonstrated in the moving papers, injunctive relief is not a cause of action, it is a claim for relief. *Pemberton v. Nationstar Mortg. LLC,* 331 F.Supp.3d 1018, 1063-74 (S.D. Cal. 2018). If Mr. Parker is, indeed, seeking "injunctive relief," he must comply with the requirements of Federal Rule of Civil Procedure 65, which he has utterly failed to do.

The standard for issuing a preliminary injunction requires that the party seeking relief show either "(1) a combination of likelihood of success on the merits and the possibility of irreparable harm, or (2) that serious questions going to the merits are raised and the balance of hardships tips sharply in favor of the moving party." *Homeowners Against the Unfair Initiative v. Cal. Building Industry Ass'n.*, 2006 WL 5003362, *2 (S.D. Cal. Jan.26, 2006) (citing *Immigrant Assistance Project of the L.A. County of Fed'n of Labor v. INS*, 306 F.3d 842, 873 (9th Cir. 2002)). "These two formulations represent two points on a sliding scale in which the required degree of irreparable harm increases as the probability of success decreases." *Id.* (citations omitted).

To obtain injunctive relief, Plaintiff must show a "real or immediate threat that he will be wronged again — a `likelihood of substantial and immediate irreparable injury.'" *City of Los Angeles v. Lyons,* 461 U.S. 95, 111 (1983) (citation omitted). Furthermore, an injunction is unavailable where there is no continuing violation of law. *See Green v. Mansour*, 474 U.S. 64, 67-68 (1985). Plaintiff has

shown no real or immediate threat that his constitutional rights will be violated by any of the defendants, especially not the City, nor has he shown a continuing violation of his constitutional rights. The City did not arrest him.

If Plaintiff is actually seeking declaratory relief, he is equally unable to maintain such a claim. Federal Rule of Civil Procedure 57 applies to requests for declaratory relief but "past acts cannot be the basis for declaratory judgment." *Cotton v. Bashant*, No. 18-CV-325 TWR (DEB), 2021 WL 4942709, at *3 (S.D. Cal. Oct. 22, 2021). *See also John M. Floyd & Assocs., Inc. v. First Imperial Credit Union,* No. 16-CV-1851 DMS (WVG), 2017 WL 4810223, at *5 (S.D. Cal. Oct. 25, 2017), aff'd, 771 Fed. Appx. 840 (9th Cir. 2019) ("A declaratory judgment is not a corrective action, and therefore, it should not be used to remedy past wrongs."). Where, as here, Plaintiff does not seek to "define the legal rights and obligations of the parties in anticipation of some future conduct," but rather seeks to "proclaim liability for a past act[,]" no claim for declaratory relief can stand. *See Couch v. Morgan Stanley & Co.*, No. 1:14-CV-0010 LJO JLT, 2014 WL 1577463, at *7 (E.D. Cal. Apr. 18, 2014) (*quoting Lawrence v. Kuenhold,* 271 Fed.Appx. 763, 766 (10th Cir. 2008)).

Granting Plaintiff's request in a case in which, at most, there was one violation of a statute by SDSU Police would be the equivalent of an inappropriate consent decree with the City. The Declaratory Judgments Act 28 U.S.C. 2201, provides, in pertinent part:

> In a case of actual controversy within its jurisdiction, . . . any court of the United States, upon the filing of an appropriate pleading, may [but need not] declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.

28 U.S.C. section 2201(a). Here, the City did not arrest Plaintiff and therefore would not be a proper party to any such decree.

Moreover, as stated by Co-Defendants in their reply papers, a previous court already denied Plaintiff's request for injunctive relief to prevent the alleged unlawful application of California Penal Code section 626.6. (ECF Doc. 12-1, pg. 15, pg. 3). Collateral estoppel precludes the re-litigation of this issue.

For all these reasons, the second cause of action should be denied with prejudice.

### III. Plaintiff should not be granted leave to file a second amended complaint because doing so would be fruitless; he cannot remedy the defects in his claims against the City.

The Court should decline Plaintiff's request to allow yet another amended complaint. Mr. Parker cannot remedy the defects in his FAC. City employees did not effectuate the arrest. They prosecuted Plaintiff based on his actions in violation of the Penal Code for which they are entitled to immunity under the doctrine of prosecutorial immunity. Amendment would be futile. Accordingly, the City respectfully requests that the Court dismiss the claims against the City with prejudice.

### IV. Conclusion

Plaintiff's First Amended Complaint is legally and factually flawed. A further amendment cannot remedy those fatal flaws. Based on the foregoing, Defendant City of San Diego respectfully requests that the Court grant its motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) and dismiss the First Amended Complaint in its entirety with prejudice.

Dated: June 26, 2024                MARA W. ELLIOTT, City Attorney

By  */s/ Stacy J. Plotkin-Wolff*
Stacy J. Plotkin-Wolff
Senior Chief Deputy City Attorney

Attorneys for Defendant
CITY OF SAN DIEGO