UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT L. PARKER,<br><br>                          Plaintiff,<br>v.<br>CITY OF SAN DIEGO, et al.,<br>                          Defendants. | Case No.: 3:24-cv-00518-JES-DDL<br><br>**ORDER:**<br><br>**(1) GRANTING IN PART MOTION TO DISMISS, and**<br><br>**(2) GRANTING MOTION FOR MORE DEFINITIVE STATEMENT**<br><br>**[ECF Nos. 11, 12]** |

     Before the Court is Defendants' San Diego State University Police Department ("SDSUPD"), Regents of California State University ("Regents of CSU"), Police Chief Josh Mays ("Chief Mays"), Jonathan Becerra ("Becerra"), Carrie Hogan ("Hogan"), Norma Cruz ("Ofc. Cruz"), Paul McClain ("Ofc. McClain"), Tracy Steckler ("Ofc. Steckler"), Officer Calvert ("Ofc. Calvert") (collectively known as "State Defendants"), and City of San Diego's ("City") motion to dismiss the First Amended Complaint ("FAC"). The City filed its motion on May 24, 2024. ECF No. 11. The State Defendants filed their motion on May 24, 2024. ECF No. 12. Robert Parker ("Plaintiff") filed a response to each motion on June 19, 2024. ECF Nos. 13, 14. The City and State

Defendants both filed reply briefs. ECF Nos. 15, 16. The Court heard oral argument on both motions on July 3, 2024, and took the matters under submission. ECF No. 17. For the reasons stated below, the Court partially **GRANTS** the motion to dismiss and **GRANTS** the motion for a more definitive statement.

## I.   FACTUAL ALLEGATIONS

Plaintiff alleges that on February 10, 2020, he was present on the campus of San Diego State University ("SDSU"). FAC ¶ 5. While on campus, Plaintiff alleges that he exhibited no conduct from which a rational person could draw a conclusion that "it reasonably appears […] that the person is committing any act likely to interfere with the peaceful conduct of the activities of the campus or facility, or has entered the campus or facility for the purpose of committing any such act." FAC ¶ 6.

On February 12, 2020, Ofc. Steckler and Ofc. Calvert arrived at Plaintiff's private residence and delivered a notice per California Penal Code § 626.6 ("PC 626.6"). FAC ¶ 11. The notice was based on Plaintiff's presence on campus on February 10, 2020. *Id*. Plaintiff alleges that Ofc. Steckler and Ofc. Calvert knowingly, wantonly, maliciously, recklessly and intentionally misapplied the law in delivering the notice to Plaintiff on February 12, 2020. FAC ¶ 14.

On February 18, 2020, Plaintiff went onto the SDSU campus and was arrested for violation of PC 626.6 by Ofc. Cruz and Ofc. McClain. FAC ¶¶ 12, 16. Plaintiff alleges that Ofc. Cruz and Ofc. McClain knowingly, wantonly, maliciously, recklessly and intentionally implemented the arrest of Plaintiff. FAC ¶ 16.

Plaintiff also alleges that SDSUPD, Chief Mays and Does 1-10 directed the "knowing[ ], wanton[ ], malicious[ ], reckless[ ] and intentional[ ] unlawful PC 626.6 notice" to Plaintiff on February 12, 2020. FAC ¶ 13. Further, Plaintiff alleges that SDSUPD, Chief Mays and Does 1-10 directed the "knowing[ ], wanton[ ], malicious[ ], reckless[ ] and intentional[ ] unlawful arrest" of Plaintiff on February 18, 2020. FAC ¶ 15. Plaintiff alleges that all SDSUPD Defendants knew that evidence they provided to the

1  City Attorney was fabricated and false, yet they continued in their support of the truth of
2  that evidence throughout the period of prosecution. FAC ¶ 17.
3          On June 19, 2020, the City initiated prosecution by delivering a criminal complaint
4  to the court that was not signed by a prosecutor. FAC ¶ 18. The date for arraignment was
5  originally set for November 10, 2020, but was rescheduled to December 3, 2020. FAC ¶
6  22. Plaintiff was not able to appear remotely on December 3, 2020, and submitted an
7  affidavit explaining his failed attempt to attend the arraignment hearing. FAC ¶ 23. An ex
8  parte hearing was held on March 4, 2021, and the arraignment was scheduled for July 12,
9  2021. *Id*. On July 12, 2021, Plaintiff was arraigned and a plea of not guilty was entered.
10 FAC ¶ 24. On December 9, 2021, the court set dates of January 27, 2022, for readiness
11 and March 17, 2022, for trial. FAC ¶ 25. On January 27, 2022, at the readiness
12 conference, the court expressed concern that the criminal complaint had never been
13 signed by any prosecutor and that Plaintiff had not been provided discovery. FAC ¶ 26.
14 The court then set a continued readiness date of February 16, 2022. *Id*. On February 16,
15 2022, the trial date was confirmed. FAC ¶ 28. On March 17, 2022, Plaintiff appeared for
16 trial and the prosecutor requested to dismiss the charge, which the court granted. FAC ¶
17 29.
18         Plaintiff alleges that the City and Does 21-50 knowingly, wantonly, recklessly,
19 intentionally and maliciously proceeded with and maintained prosecution of Plaintiff
20 until March 17, 2022, with knowledge that the notice was unlawful, the arrest was
21 without probable cause, and Plaintiff had not violated any law. FAC ¶ 30. Plaintiff further
22 alleges that the City exercised its policy and initiated prosecution by delivering an
23 unsigned criminal complaint to the court without making a determination that the
24 evidence established probable cause for a crime to be charged against Plaintiff. FAC ¶¶
25 18, 20, 30.
26         Plaintiff alleges two causes of action: (1) malicious prosecution against the City,
27 Chief Mays, Becerra, Hogan, Ofc. Cruz, Ofc. McClain, Ofc. Steckler, Ofc. Calvert and
28 Does 21-50; and (2) injunctive relief against all Defendants.

## II. LEGAL STANDARD

### A. Federal Rule of Civil Procedure 12(b)(6)

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim tests the legal sufficiency of a plaintiff's claim. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). When considering the motion, the court must accept as true all well-pleaded factual allegations in the complaint. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The court need not accept as true legal conclusions cast as factual allegations. *Id.*; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" are insufficient).

A complaint must "state a claim for relief that is plausible on its face." *Twombly*, 550 U.S. at 570. To survive a motion to dismiss, a complaint must include non-conclusory factual content. *Id.* at 555; *Iqbal*, 556 U.S. at 679. The facts and the reasonable inferences drawn from those facts must show a plausible—not just a possible—claim for relief. *Twombly*, 550 U.S. at 556; *Iqbal*, 556 U.S. at 679; *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). The focus is on the complaint, as opposed to any new facts alleged in, for example, the opposition to a defendant's motion to dismiss. *See Schneider v. California Dep't of Corrections*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998), *reversed and remanded on other grounds as stated in* 345 F.3d 716 (9th Cir. 2003). "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard. *Id.*; *see also Moss*, 572 F.3d at 969.

"[W]hen a plaintiff has claims against an unknown defendant, the plaintiff must still meet federal pleading standards when alleging facts against such defendants" in federal court. *Lomeli v. Cnty. of San Diego*, 637 F.Supp. 3d 1046, 1058 (S.D. Cal. 2022). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Plaintiffs "may refer to unknown

defendants as 'Does'" at the pleading stage but Rule 8 nevertheless requires a plaintiff to "'allege specific facts showing how each particular doe defendant violated'" the plaintiff's rights. *Thomas ex rel. Thomas v. Cnty. of San Diego*, No. 20-cv-1979-CAB-MDD, 2021 WL 2715086, at *3 (S.D. Cal. July 1, 2021) (quoting *Keavney v. Cnty. of San Diego*, No. 3:19-cv-1947-AJB-BGS, 2020 WL 4192286, at *4 (S.D. Cal. July 21, 2020)); *see also Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988) (plaintiff "must set forth specific facts as to each individual defendant's" wrongdoing). A district court should dismiss claims against Doe defendants in a Section 1983 suit when the complaint does not "even minimally explain how any of the unidentified parties … personally caused a violation of [the claimant's] constitutional rights." *Estate of Serna v. Cnty. of San Diego*, No. 20cv2096-LAB-MSB, 2022 WL 827123, at *3 (S.D. Cal. Mar. 18, 2022).

When a court dismisses a complaint under Rule 12(b)(6), it must then decide whether to grant leave to amend. Federal Rule 15(a) provides that a district court should "freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a). A district court has discretion to deny leave to amend when a proposed amendment would be futile. *Chappel v. Lab. Corp. of America*, 232 F.3d 719, 725-26 (9th Cir. 2000). Dismissal without leave to amend is appropriate only when the Court is satisfied that the deficiencies of the complaint could not possibly be cured by amendment. *Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003). In other words, if allowing a party to amend its pleading would be futile, district courts properly decline to grant leave to amend. *Thinket Ink Info. Res., Inc. v. Sun Microsys., Inc.*, 368 F.3d 1053, 1061 (9th Cir. 2004) (citing *Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991)).

**B. Federal Rule of Civil Procedure 12(e)**

"A party may move for a more definite statement of a pleading … which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). An order granting the motion is appropriate when the responding party cannot ascertain the substance of the asserted claim. *Buckley v. Cnty. of San Mateo*, No. 14-cv-05448-YGR, 2015 WL 5769616, at *5 (N.D. Cal. Oct. 2, 2015). "Rule 12(e) motions are

disfavored and rarely granted." *Id.* (citing *Castaneda v. Burger King Corp.*, 597 F.Supp.2d 1035, 1045 (N.D. Cal. 2009)).

"The rule is aimed at unintelligibility rather than lack of detail and is only appropriate when the defendants cannot understand the substance of the claim asserted." *Id.* "[A] motion for a more definite statement should not be granted unless the defendant literally cannot frame a responsive pleading." *Conta v. City of Huntington Beach*, No. 8:21-cv-01897-JLS-KES, 2022 WL 3574439, at *2 (C.D. Cal. June 22, 2022) (citation omitted).

### III. DISCUSSION

#### A. State Defendants' Motion to Dismiss

##### 1. Sovereign Immunity

The State Defendants argue that all federal constitutional claims under section 1983 against Regents of CSU, SDSUPD and Chief Mays in his official capacity fail because Regents of CSU do not exist and SDSUPD and Chief Mays are immune under the Eleventh Amendment. In his FAC, Plaintiff acknowledges that SDSUPD is an agency of the state of California and Chief Mays is an official in charge of SDSUPD.

The Eleventh Amendment bars suits against a State or its agencies in federal court for all types of relief, absent unequivocal consent by the state. *Romano v. Bible*, 169 F.3d 1182, 1185 (9th Cir. 1999) (citing *Pennhurst v. Halderman*, 465 US. 89, 100 (1984)). The Eleventh Amendment's jurisdictional bar applies regardless of the nature of relief sought and extends to state instrumentalities and agencies. *Krainski v. Nevada ex rel. Bd. of Regents of the Nevada System of Higher Educ.*, 616 F.3d 963, 967 (2010).

The State of California has not waived its Eleventh Amendment immunity with respect to claims brought under section 1983 in federal court. *See Dittman v. California*, 191 F.3d 1020, 1025-26 (9th Cir. 1999) ("In the absence of a waiver by the state or a valid congressional override under the eleventh amendment, agencies of the state are immune from private damage actions or suits for injunctive relief brought in federal court. The State of California has not waived its Eleventh Amendment immunity with respect to

claims brought under section 1983 in federal court, and the Supreme Court has held that section 1983 was not intended to abrogate a State's Eleventh Amendment immunity.") (citations, alteration, and internal quotation marks omitted); *see also Pittman v. Oregon Employment Dep't*, 509 F.3d 1065, 1071 (9th Cir. 2007) ("[A]n unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another State."). Agencies of the state are also immune from private damage actions or suits for injunctive relief brought in federal court. *Mitchell v. Los Angeles Cmty. College Dist.*, 861 F.2d 198, 201 (9th Cir. 1989). Both parties agree that SDSUPD is an agency of the State of California. Accordingly, SDSUPD is immune from suit pursuant to the Eleventh Amendment and Chief Mays is immune from suit for any claims arising from his official capacity.

In his opposition, Plaintiff acknowledges that Regents of CSU does not exist and argues that he wants to substitute Board of Trustees of California State University ("Board of Trustees of CSU") in place of Regents of CSU. Further, Plaintiff argues that the State Defendants argued incorrect facts and misrepresented PC 626.6 in their motion. Plaintiff takes the position that since the State Defendant's motion was based on misrepresentations of fact and misrepresentations of law, Plaintiff has no obligation to respond to their arguments. ECF No. 14 at 7-8. Based on that mistaken belief, Plaintiff failed to address the legal argument of sovereign immunity raised in State Defendants' motion. As mentioned above, sovereign immunity is a jurisdictional bar and prevents the Court from hearing any suit regardless of the alleged facts. By failing to address this issue, Plaintiff concedes it. *See Walsh v. Nevada Dep't of Human Resources*, 471 F.3d 1033, 1037 (9th Cir. 2006) (holding plaintiff who failed to address issues raised in defendant's motion in his opposition brief "has effectively abandoned his claim, and cannot raise it on appeal"); *Stichting Pensioenfonds ABP v. Countrywide Fin. Corp.*, 802 F.Supp.2d 1125, 1132 (C.D. Cal. 2011) ("[F]ailure to respond in an opposition brief to an argument put forward in an opening brief constitutes waiver or abandonment in regard to the uncontested issue."); *Lee v. Summit Tr. Servs., LLC*, No. CV 19-3814-DMG (Ex),

2020 WL 1249971, at *3 (C.D. Cal. Jan. 22, 2020) (granting motion to dismiss because plaintiff's opposition "[did] not address Defendants' arguments to dismiss" and thus "conceded that those claims should be dismissed").

For the reasons stated above, the first cause of action is **DISMISSED with prejudice** against Regents of CSU, SDSUPD and Chief Mays in his official capacity.

### 2. Individual Claims in First Cause of Action

The State Defendants argue that the individual claims against all named Defendants are conclusory and does not meet the applicable standards for pleading and should be dismissed or in the alternative, Plaintiff should be required to file a more definitive statement of the claims. Plaintiff acknowledges the State Defendants' argument and requests for leave to amend and an opportunity to file a more definitive statement of claims. Accordingly, the motion to file a more definitive statement pursuant to FRCP 12(e) is **GRANTED**.

Since Plaintiff will file a second amended complaint with a more definitive statement pursuant to FRCP 12(e), the Court will not address whether the current claims are sufficient under FRCP 12(b)(6). However, the Court cautions that Plaintiff only made conclusory statements regarding the actions of Becerra and Hogan as they are only mentioned in paragraphs 17 and 35 of the FAC. Those paragraphs only state conclusory factual allegations and nowhere in the FAC does it state the specific actions of Becerra and Hogan in a nonconclusory fashion that would support a claim of prosecutorial misconduct. The claims against Chief Mays in his individual capacity are also conclusory. Further, Plaintiff lists both individual and *Monell* claims in the first cause of action. The first cause of action is either an individual claim or a *Monell* claim but cannot be both.

### 3. Second Cause of Action

The State Defendants argue that the second cause of action should be dismissed for two reasons, (1) a request for injunctive relief is not a separate cause of action; and (2) Plaintiff failed to plead the requirements for injunctive relief. ECF No. 12-1 at 10.

1 | Plaintiff does not directly address this argument in his opposition. As mentioned above, failure to address an argument in an opening brief constitutes waiver or abandonment in regard to the uncontested issue. *See Stichting Pensioenfonds ABP*, 802 F.Supp.2d at 1132.

Defendant is correct, a request for injunctive relief is not a separate cause of action, it is a request for a remedy. *Pemberton v. Nationstar Mortg, LLC*, 331 F.Supp.3d 1018, 1063-74 (S.D. Cal. 2018). Further, Plaintiff has failed to plead the requirements for injunctive relief.

Federal Rule of Civil Procedure 65(b) governs the issuance of a preliminary injunction. To obtain a preliminary injunction, the moving party must show: (1) a likelihood of success on the merits; (2) a likelihood of irreparable harm to the moving party in the absence of preliminary relief; (3) that the balance of equities tips in favor of the moving party; and (4) that an injunction is in the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). Generally, an injunction is considered "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Id*. The moving party has the burden of persuasion. *Hill v. McDonough*, 547 U.S. 573, 584 (2006).

Here, Plaintiff has failed to address any of the requirements of FRCP 65(b) in the FAC. Accordingly, the Court **DENIES** the request for a preliminary injunction. Ordinarily the Court would deny the request for a preliminary injunction with prejudice, however, in its reply brief, State Defendants for the first time argue that the second cause of action should also be dismissed because it was a cause of action alleged in a prior case, 20cv661-LL-JLB, in which the District Court granted summary judgment in Defendant's favor. Since this was raised for the first time in the reply brief, the Court **DENIES** the request for a preliminary injunction without prejudice.

/ / /

/ / /

/ / /

### B. City Defendant's Motion to Dismiss

#### 1. First Cause of Action – *Monell* claim

The City argues that Plaintiff seeks to impose *respondeat superior* liability for alleged malicious prosecution by unnamed DCAs and that Plaintiff failed to properly allege a *Monell* claim against the City. ECF No. 11-1 at 8-10.

A municipality or other local government may be liable under section 1983 if the governmental body itself "subjects" a person to a deprivation of rights or "causes" a person "to be subjected" to such deprivation. *Monell v. New York City Dept. of Social Servs.*, 436 U.S. 658, 692 (1978). A municipality cannot be held liable under section 1983 on a *respondeat superior* theory. *Id.* at 691; *See also Connick v. Thompson*, 563 U.S. 51, 60 (2011).

In order to establish liability for governmental entities under *Monell*, a plaintiff must prove "(1) that [the plaintiff] possessed a constitutional right of which he was deprived; (2) that the municipality had a policy; (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional right; and (4) that the policy is the moving force behind the constitutional violation." *Dougherty v. City of Covina*, 654 F.3d 892, 900 (9th Cir. 2011) (quoting *Plumeau v. Sch. Dist. No. 40 Cnty. of Yamhill*, 130 F.3d 432, 438 (9th Cir. 1997)).

A plaintiff can satisfy *Monell*'s policy requirement in one of three ways; (1) a local government may be held liable when it acts "pursuant to an expressly adopted official policy;" (2) a public entity may be held liable for a "longstanding practice or custom;" or (3) "a local government may be held liable under [section] 1983 when 'the individual who committed the constitutional tort was an official with final policy-making authority' or such an official 'ratified a subordinate's unconstitutional decision or action and the basis for it.'" *Gordon v. Cnty. of Orange*, 6 F.4th 961, 973-74 (9th Cir. 2021) (citations omitted).

Plaintiff argues that he has sufficiently alleged a *Monell* claim against the City because "malicious prosecution was carried out pursuant to a policy, custom, or practice

of the City of San Diego. Specifically, Plaintiff alleges that the City maintained a policy and custom enabling the initiation and maintenance of a prosecution without probable cause and without a signed criminal complaint, in violation of California Penal Code section 740 and Plaintiff's constitutional rights." ECF No. 13 at 2-3. However, Plaintiff simply restated the elements of a cause of action for *Monell* liability. Plaintiff has not stated prior incidents in which this alleged policy has been shown to be an expressly adopted official policy, or a longstanding practice or custom, or was carried out by an individual with official final policy-making authority. *See Gordon*, 6 F.4th at 973-74.

Ordinarily the court must assume the facts of the complaint are true and make any inferences in favor of the nonmoving party, but in stating a claim of municipal liability, "to be entitled to the presumption of truth, allegations in a complaint … may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively," and "the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). *See AE ex rel. Hernandez*, 666 F.3d 621, 637 (9th Cir. 2012); *see also Mirabal v. Smith*, No. C 12-3075 SI (pr), 2012 WL 5425407, at *2 (N.D. Cal. Nov. 6, 2012) ("It is not enough to allege simply that a policy, custom, or practice exists that caused the constitutional violations.").

Here, Plaintiff does not argue that the constitutional violation was committed by or ratified by an official with final policy-making authority, leaving only the policy basis for *Monell* liability. Plaintiff's conclusory allegation that it was the policy and custom of the City to enable the initiation and maintenance of a prosecution without probable cause and without a signed criminal complaint is insufficient. *Id*. The complaint must set forth some factual allegations that "plausibly suggest an entitlement to relief" against the City. The complaint fails to do so. Therefore, the *Monell* claim alleged against the City is **DISMISSED without prejudice**.

### 2. Second Cause of Action – Injunctive Relief

For the same reasons as listed above for the State Defendants, the Court **DENIES without prejudice** the request for a preliminary injunction against the City.

### 3. Exemplary Damages

The City also argues that Plaintiff's request for exemplary damages against the City should be stricken pursuant to FRCP 12(f). However, as Plaintiff correctly points out, the FAC seeks exemplary damages against the individual defendants only, not the City. Therefore, the City's request is **DENIED as moot**.

## IV.   CONCLUSION

For the reasons discussed above, the Court:

1. **GRANTS** the motion to dismiss with prejudice all federal constitutional claims against SDSUPD, Regents of CSU and Chief Mays in his official capacity;
2. **GRANTS** the motion for a more definite statement for the first cause of action against the individual Defendants;
3. **DENIES** without prejudice the motion for a preliminary injunction against all Defendants;
4. **GRANTS** the motion to dismiss the *Monell* claim against the City; and
5. **DENIES** as moot the City's motion to strike exemplary damages.

Plaintiff has **45 days** from the date of this order to file a second amended complaint with a more definitive statement and on the claims dismissed without prejudice.

**IT IS SO ORDERED.**

Dated:  July 8, 2024

Honorable James E. Simmons Jr.
United States District Judge