1  ROB BONTA
   Attorney General of California
2  ELISABETH A. FRATER
   Supervising Deputy Attorney General
3  STEPHANIE A. VOLLMER
   Deputy Attorney General
4  State Bar No. 309407
    455 Golden Gate Avenue, Suite 11000
5   San Francisco, CA  94102-7004
    Telephone:  (415) 510-3849
6   Fax:  (415) 703-5480
    E-mail:  Stephanie.Vollmer@doj.ca.gov
7  *Attorneys for Defendants Police Chief Josh Mays, Jonathan Becerra, Carrie Hogan, Norma Cruz, Paul McClain, Traci Steckler, and Anthony Calvert*

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **ROBERT L. PARKER, PH.D.**, an individual,<br><br>Plaintiff,<br><br>v.<br><br>**CITY OF SAN DIEGO; SDSU POLICE DEPARTMENT; POLICE CHIEF JOSH MAYS; JONATHAN BECERRA**, an individual; **CARRIE HOGAN**, an individual; **NORMA CRUZ**, an individual; **PAUL MCCLAIN**, an individual; **TRACY STECKLER**, an individual; **OFFICER CALVERT**, an individual; **DOES 1-50**, individuals,<br><br>Defendants. | 3:24-cv-00518-JES-DDL<br><br>**POLICE CHIEF JOSH MAYS, JONATHAN BECERRA, CARRIE HOGAN, NORMA CRUZ, PAUL MCCLAIN, TRACI STECKLER, AND ANTHONY CALVERT'S REPLY TO OPPOSITION TO MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT PURSUANT TO FRCP RULE 12(b)(6)**<br><br>Date:    November 6, 2024<br>Time:    9:00 a.m.<br>Dept:    4B<br>Judge:   The Honorable James E. Simmons, Jr.<br>Trial Date: None set.<br>Action Filed:  March 18, 2024 |

///

///

///

1

**TO PLAINTIFF IN PRO PER:**

Defendants Police Chief Josh Mays, Jonathan Becerra, Carrie Hogan, Norma Cruz, Paul McClain, Traci Steckler, and Anthony Calvert (collectively, State Defendants) submit the following reply to pro per plaintiff Robert L. Parker's (Plaintiff) opposition to the Motion to Dismiss Plaintiff's Second Amended Complaint (SAC).

## MEMORANDUM OF POINTS AND AUTHORITIES

## INTRODUCTION

Plaintiff's opposition (Opposition) to State Defendants' Motion to Dismiss the SAC presents no legal arguments, nor does it cite to any case law or statutes, that challenge or dispute State Defendants' legal arguments and reasoning. By failing to address State Defendants' arguments in any substantive fashion, Plaintiff effectively concedes that the SAC fails to allege facts sufficient to state a valid claim upon which relief can be granted, making further efforts to amend futile. Thus, State Defendants' Motion to Dismiss the SAC should be granted without leave to amend.

## ARGUMENT

**I. PLAINTIFF'S SECTION 1983 CLAIM FOR MALICIOUS PROSECUTION BASED ON THE FOURTH AMENDMENT LACKS MERIT BECAUSE PLAINTIFF'S OPPOSITION FAILS TO SHOW THAT STATE DEFENDANTS DEPRIVED HIM OF A CONSTITUTIONAL RIGHT**

**A.   The Alleged Section 1983 Claim Remains Specious**

Section 1983 does not provide "substantive rights"; it "provides 'a method for vindicating federal rights elsewhere conferred.'" (internal citations omitted). *Albright v. Oliver*, 510 U.S. 266, 271 (1994). Here, Plaintiff must first identify the "constitutional right allegedly infringed." *Id.* Moreover, Plaintiff must show that each State Defendant "personally participated" in an alleged rights deprivation. *Avalos v. Baca*, 596 F.3d 583, 587 (9th Cir. 2010). The SAC does not meet either of

///

2

Reply to Pltf.'s Opposition to State Dfdts.' Motion to Dismiss SAC (3:24-cv-00518-JES-DDL)

1 these strict requirements, particularly with respect to the participation of the seven
2 State Defendants, and Plaintiff's Opposition does not remedy this deficiency.

3       Instead, the Opposition, modeled on the SAC, relies upon boilerplate
4 statements and vague hyperbole, none of which support that a Section 1983 claim
5 can be alleged against State Defendants. For example, the Opposition alleges that
6 "two evils" were afoot. ECF No. 25, 3:27-28. There was a "fabrication of false
7 police reports" and an "absurd and preposterous misapplication of PC 626.6." ECF
8 No. 25, 3:28; 4:1-2. Plaintiff's disparagement incudes adjectives such as: "stupid"
9 (ECF No. 25, 2:13, 17; 4:28; 5:2); "[d]umb," "[i]diotic" (*Id.* at 2:13, 17); "crazy"
10 (*Id.* at 2:14, 17); "moron" (*Id.* at 2:15); "moronic" (*Id.* at 2:15, 17); and "evil" (*Id.*
11 at 2:19; 5:1, 3; 3: 28 ["evils"]). None of these are valid legal arguments in support
12 of a Section 1983 claim for malicious prosecution based on the Fourth Amendment,
13 nor do these statements clarify how each State Defendant personally participated in
14 depriving Plaintiff of a constitutional right.

### B. State Defendants Had Probable Cause to Arrest Plaintiff and Did Not Deprive Him of Any Constitutionally Protected Rights

17       Plaintiff concedes in his Opposition, by failure to address the arguments, that
18 he cannot allege a Section 1983 claim against Police Chief Mays, Detective
19 Becerra, Corporal Carrie Hogan, and Officers Steckler and Calvert because the
20 SAC does not allege facts to support that any of these peace officers arrested
21 Plaintiff. The two remaining State Defendants, Officers McClain and Cruz, argued
22 previously that "malicious prosecution is actionable under the Fourth Amendment"
23 to the extent that State Defendants "seized" Plaintiff "without probable cause."
24 *Thompson v. Clark*, 596 U.S. 36, 42 (2022). On the face of the SAC, there are no
25 facts sufficient to allege that Plaintiff's constitutional Fourth Amendment rights
26 were violated, because no peace officer unreasonably seized Plaintiff in violation of
27 the Fourth Amendment. Plaintiff's Opposition fails to show otherwise. The SAC
28 facially demonstrates probable cause, which is the gravamen of a cause of action

3

Reply to Pltf.'s Opposition to State Dfdts.' Motion to Dismiss SAC (3:24-cv-00518-JES-DDL)

for malicious prosecution. Moreover, Plaintiff states that his "cause of action" is "for malicious fabrication of evidence." ECF No. 25, 5:27-28; 6:1. This is not a cause of action, nor is it an element of a Section 1983 claim.

Plaintiff's Opposition asserts that State Defendants are "wrong[]" in arguing that Plaintiff "willfully disregarded the Order, served on him by Officers Steckler and Calvert to remain off the premises of the SDSU Campus between February 12 and February 19, 2024." ECF No. 25, 4:13-16.

However, Plaintiff's SAC states that SDSU police officers Tracy Steckler and Anthony Calvert arrived at his residence on February 12, 2020, and "delivered a notice" based on Penal Code section 626.6. ECF No. 19, 19: 5-7; 21:9-11. The SAC further alleges that Penal Code section 626.6 "states a prohibition" of "reentry upon campus within seven days." *Id.* at 21: 24-25. Thus, the SAC states on its face that peace officers Steckler and Calvert brought a "notice" regarding Penal Code section 626.6 to Plaintiff's house on February 12, 2020, and "delivered" the "notice." *Id.* at 19: 5-7; 21:9-11.

The Opposition quibbles with State Defendants' "table-pounding" use of the word "Order" (ECF No. 25, 4:23); but fails to acknowledge that Plaintiff referred to the "notice" as an "order" in his SAC. ECF No. 19, 19:12. Plaintiff "received" the "advisal" and referred to it as an "order" the day he received it on February 12, 2020. *Id.* The SAC then describes how Plaintiff "emailed" Police Chief Mays, also on "February 12, 2020," to announce that "I will defy" the "order." *Id.* at 19:11-12.

Thus, the SAC on its face states that Plaintiff willfully disregarded the Order to stay away from SDSU Campus between February 12, and February 19, 2020.

Now, in his Opposition, Plaintiff sheds further light. For example: he states that the Order was "not worthy of respect," and thus State Defendants' conduct was "either stupid," or "evil." ECF No. 25, 4:27; 5:1. Plaintiff does not allege that State Defendants "were stupid" because they could not "possibly" be "that stupid." *Id.* at 5:2-3. Therefore, State Defendants must be "evil." *Id.* at 5:3. These are not logical

4

arguments, nor do they legally support that State Defendants deprived Plaintiff of his constitutionally protected rights.

However, the SAC and the Opposition both illustrate that Plaintiff knew his decision to "defy" the Order would result in consequences. ECF No. 19, 19:12. Penal Code section 626.6(a) states that reentering a campus "within seven days" means that one is "guilty of a misdemeanor" that will result in "punishment." *Id.* at 3:6-8. Plaintiff subsequently went to the SDSU Campus on February 18th (*Id.* at 19:22), which was six days after he had "received" the "notice" / "order." *Id.* at 19: 6-7, 12. On February 18th, Plaintiff "made himself present on campus" and "was arrested" … "for violation of PC 626.6." *Id.* at 19:22-24.

Based on these facts, as pleaded directly in the SAC, Officer McClain had probable cause to arrest Plaintiff on February 18 after Plaintiff willfully and intentionally defied the Order.

### C. The Filing of the Criminal Complaint by a Prosecutor Immunizes State Defendants

Nowhere in his Opposition does Plaintiff address, nor dispute, nor defeat, State Defendants' argument that, although there was clear probable cause to arrest Plaintiff, even, assuming *arguendo*, there were not, once the prosecutor in the San Diego City Attorney's Office filed a criminal complaint, that complaint against Plaintiff broke the "chain of causation between an arrest and prosecution." *Beck v. City of Upland*, 527 F.3d 853, 862, 865 (9th Cir. 2008). In other words, the filing of the criminal complaint immunizes State Defendants, and thus, this Rule 12(b)(6) motion should be granted in their favor.

### D. State Defendants Are Entitled to Qualified Immunity, Which Bars the Entire Section 1983 Claim Against Them

The Opposition tries to state that the State Defendants are not entitled to qualified immunity (ECF No. 19, 5:13-14), which is wrong as a matter of law. However, Plaintiff's assertions do not address, nor counter, State Defendants' legal

5

Reply to Pltf.'s Opposition to State Dfdts.' Motion to Dismiss SAC (3:24-cv-00518-JES-DDL)

arguments regarding qualified immunity as set forth in their Motion to Dismiss. ECF No. 23-1, 9:15-28; 16:1-28; 17:1-28; 18:1-4.

The Opposition's argument to State Defendant's entitlement to qualified immunity is difficult to decipher. The Opposition appears to present a series of Plaintiff's observations, interspersed with rhetorical questions, for which Plaintiff provides no legal authority. Plaintiff is mistaken about the use, structure, and legal principles of qualified immunity, including the requirement that "an established or constitutional right of which a reasonable person would have known" must be present. *Hope v. Pelzer*, 536 U.S. 635, 638 (2002).

The Opposition fails to point to any constitutional violations, and it confirms that the SAC fails to allege facts sufficient to show a constitutional deprivation by the State Defendants.

## CONCLUSION

Plaintiff has alleged a Section 1983 claim for malicious prosecution in violation of the Fourth Amendment. As shown in State Defendants' Motion to Dismiss, and as reiterated in this Reply, Plaintiff has not alleged facts in his SAC sufficient to state a claim upon which relief can be granted, nor can he amend his SAC to do so. Plaintiff is not even able to substantively address State Defendants' legal arguments, which illustrates the futility of a further, fourth pleading. Based upon the foregoing, State Defendants request that the Court grant their motion to

///
///
///
///
///
///
///
///

6

Reply to Pltf.'s Opposition to State Dfdts.' Motion to Dismiss SAC (3:24-cv-00518-JES-DDL)

dismiss pursuant to Rule 12(b)(6) and dismiss the SAC in its entirety without leave to amend and with prejudice.

Dated: October 30, 2024

Respectfully submitted,

ROB BONTA
Attorney General of California
ELISABETH A. FRATER
Supervising Deputy Attorney General

s/Stephanie A. Vollmer
STEPHANIE A. VOLLMER
Deputy Attorney General
*Attorneys for Defendants Police Chief Josh Mays, Jonathan Becerra, Carrie Hogan, Norma Cruz, Paul McClain, Traci Steckler, and Anthony Calvert*

SD2024801509

7

Reply to Pltf.'s Opposition to State Dfdts.' Motion to Dismiss SAC (3:24-cv-00518-JES-DDL)