MARA W. ELLIOTT, City Attorney
M. TRAVIS PHELPS, Assistant City Attorney
STACY J. PLOTKIN-WOLFF, Senior Chief Deputy City Attorney
California State Bar No. 174793
    Office of the City Attorney
    1200 Third Avenue, Suite 1100
    San Diego, California 92101-4100
    Telephone: (619) 533-5800
    Facsimile: (619) 533-5856

Attorneys for Defendant
CITY OF SAN DIEGO

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT L. PARKER, PH.D., <br><br> Plaintiff, <br><br> v. <br><br> CITY OF SAN DIEGO: SDSU POLICE DEPARTMENT; POLICE CHIEF JOSH MAYS, an individual; JONATHAN BECERRA. an individual; CARRIE HOGAN, an individual: NORMA CRUZ. an individual; PAUL MCCLAIN, an individual; TRACY STECKLER. an individual; OFFICER CALVERT. an individual; DOES 1-50. individuals, <br><br> Defendants. | Case No. 3:24-cv-00518-JES-DDL <br><br> **DEFENDANT CITY OF SAN DIEGO'S REPLY TO PLAINTIFF'S OPPOSITION TO CITY'S MOTION TO DISMISS SECOND AMENDED COMPLAINT** <br><br> Date : November 6, 2024 <br> Time : 9:00 a.m. <br> Judge : James E. Simmons, Jr. <br> Courtroom : 4B <br> Filed : March 18, 2024 <br> Trial : Not Set |

Plaintiff does not demonstrate how his Second Amended Complaint (SAC) states a plausible claim against the City for malicious prosecution. He largely avoids discussing the case law and analysis cited by Defendant. Plaintiff cannot cure these defects through yet another amendment. Thus, the City asks that the Court grant its motion to dismiss with prejudice.

## I.    ARGUMENT

The issue before the Court is whether Plaintiff's SAC pleads a plausible claim that the unnamed prosecutorial defendants prosecuted him without probable cause, which requires him to defeat prosecutorial immunity. Plaintiff's claim that the

1

"prosecutorial defendants" are not necessarily prosecutors is unavailing. If not, who are they? Plaintiff does not, and cannot, plead a plausible claim, no matter how many times he attempts to amend his complaint[1].

Plaintiff's opposition makes it clear that his *Monell* claims are based on vague allegations that the City has a) a policy of failing to legibly sign misdemeanor complaints, and b) a policy of filing misdemeanor complaints using statutory language as the description of the charges. Neither of which, if true, violates his rights. The SAC fails to allege sufficient non-conclusory factual allegations to raise a plausible claim against the City and Plaintiff should not be allowed a fourth attempt to cure these defects.

**A.     Plaintiff's Second Amended Complaint does not state a plausible claim for municipal liability.**

For Plaintiff to prevail the SAC must allege sufficient non-conclusory facts to raise a plausible claim against the City. Here, much of that is through the actions of the unnamed and undefined "prosecutorial defendants." Plaintiff seeks to proceed on a theory that a City policy, custom, or practice was the moving force behind a constitutional violation but, again, fails to identify such a policy.

**B. The SAC does not identify City policy.**

Plaintiff fails to identify a City policy, custom, or practice that was the moving force behind an alleged Constitutional violation. His SAC does not allege any non-conclusory facts to support a claim that such a policy, custom, or practice existed. His opposition brief does not cure this deficiency. He bases the existence of the so-called policies on his review of 12 unknown misdemeanor complaints from the Superior Court files. From this review, Plaintiff incorrectly decided he has a valid *Monell* claim against the City claiming that his civil rights were violated due to illegible signatures ("squiggles") and recitations of charged penal code sections. He

---

[1] Plaintiff erroneously argues that he has amended his complaint twice. Defendant will not waste the Court's time with this argument. The pleadings speak for themselves.

1 alleges that "squiggles" and penal code recitations are "long-standing" policies of the
2 City but cite no case law indicating these practices are constitutional violations or
3 anything to demonstrate that the other cases did not put the other defendants on notice
4 of their charges.

5 These allegations are not enough to support a plausible claim that the City's
6 practice or custom was so "persistent and widespread" that it constitutes a
7 "permanent and well settled city policy." *See Trevino v. Gates*, 99 F.3d 911, 918, (9th
8 Cir. 1996). The SAC does not include factual claims, which are necessary to infer
9 that the City's customs or practices are so "permanent" and "well settled" that they
10 carry the "force of law." *City of St. Louis v. Praprotnik*, 485 U.S. 112, 127 (1988)
11 (*quoting Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 167-68 (1970)). Factual
12 allegations are necessary to "plausibly suggest an entitlement to relief." *A.E. v. Cnty.*
13 *of Tulare*, 666 F.3d 631, 637 (2012) (*quoting Starr v. Baca*, 652 F.3d 1202, 1216
14 (2011)). As Plaintiff failed to allege plausible facts, his Third Cause of Action for
15 *Monell* liability based on recklessness and deliberate indifference is subject to
16 dismissal.

17 Plaintiff claims that his SAC "presents facts demonstrating a lack of probable
18 cause to prosecute." (ECF Doc. 26, pg. 4, ln. 17-18.) It does not. He presents **no facts**
19 or sufficient evidence to support that a prosecuting defendant did not review the
20 criminal complaint for probable cause before filing it. He presents illegible signatures
21 and recitations of charged penal code sections as "long-standing" policies, but they
22 do support the implausible conclusion that someone other than a prosecutor signed
23 criminal complaint after reviewing the case for probable cause. If an illegible
24 signature is improper this attorney is in trouble (please counsel's signature on this
25 document).

26 Plaintiff's description of these non-existent City policies are simply argument,
27 speculation, and conclusion. They are contrary to the evidence provided by the City.
28

There are no such policies and there is nothing that Plaintiff can provide to show these policies exist.

In the Court's order granting the City's first Motion to Dismiss, the Court quoted *Starr v. Baca* when ruling that "allegations in a complaint. . . must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). (ECF Doc. 18, pg. 11, ln. 11-17.) Despite the Court's ruling that Plaintiff "must set forth some factual allegations that 'plausibly suggest an entitlement to relief' against the City," he does not do this in the SAC. (ECF Doc. 18, pg. 11, ln. 25-26.) The Court has already ruled that Plaintiff's *Monell* claims are insufficient, and his SAC does not cure any of the fatal defects.

**C.   Plaintiff's opposition contradicts the SAC regarding the Penal Code Section 740 allegations.**

Plaintiff's opposition claims his "*Monell* claim does not depend on violation of PC 740." (ECF Doc. 26, pg. 2, ln. 21-22.) However, the SAC specifically refers to Penal Code section 740 under the Third Cause of Action for Malicious Prosecution against the City. (ECF Doc. 19, pg. 27, ln. 3-14; pg. 25-29 ¶¶ 114, 115, 122 and 124.) The Complaint alleges: "B) The City had a long-standing policy of allowing misdemeanor complaints to be filed without compliance with Cal. Penal. Code § 740." (*Id.* at pg. 27, ln. 12-14.)

In addition, within the same paragraph of his opposition, he erroneously states that the City "has outlined an argument that it does not violate California Penal Code § 740 ('PC 740') when it initiates prosecution without a determination of probable cause." (ECF Doc. 26, pg. 2, ln. 19-21.) This is an incorrect and misleading statement. The City's moving papers showed that it did not violate Penal Code section 740 and section 740 does not apply to the misdemeanor complaint. (ECF Doc. 24-1, pg. 9, 13.) Nowhere in the City's motion does the City concede it did not have probable

cause to file a misdemeanor complaint. In fact, the City provided evidence that his complaint was signed; albeit with a "squiggle."

Plaintiff's opposition, like his SAC, provides no evidence that a prosecuting defendant did not review the criminal complaint for probable cause before signing and filing it. Also like his SAC, the opposition fails to give a factual basis for deliberate indifference or how the description in the criminal complaint violated his constitutional rights.

### D. The Court should not permit Plaintiff to amend his case through his opposition.

Plaintiff should not be permitted to amend his complaint in his opposition brief or by way of another amended complaint. Plaintiff attempted to amend complaint in his opposition to dispute the City's evidence that his criminal complaint was signed and to dispute the City's review of additional misdemeanor complaints. (ECF Doc. 26, pg. 3, ln. 4-5.) This is improper.

Plaintiff may not amend his complaint through his brief in opposition to the City's motion to dismiss. "[I]t is 'axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss.'" *See Cork v. CC-Palo Alto, Inc.*, 534 F. Supp. 3d 1156, 1183 n.8 (N.D. Cal. 2021) (citations omitted) (declining to consider an argument in the plaintiff's opposition brief not contained in the operative complaint.). Even if this Court were to consider his new argument that an "anonymous squiggle on a line in no way confirms a statement under oath and penalty of perjury" (ECF Doc. 26, pg. 3, ln. 9-10.), Plaintiff cites to no authority that a signature must be legible and allow anyone to identify the name and position of the signatory (again, counsel for the City's signature is similarly illegible).

Furthermore, Plaintiff's agreement that a "squiggle" is not a signature is simply incorrect. The preeminent legal dictionary, Black's Law Dictionary, defines signature as follows: "[a] person's name or mark written by that person or at that

person's direction." *United States v. Blixt,* 548 F.3d 882, 887 n.1 (9th Cir. 2008) quotiing Black's Law Dictionary (8th ed.2004).

### E. The Court should grant the City's Request for Judicial Notice (ECF Doc. 24-3).

Plaintiff argues the Court should not take notice of the Superior Court documents submitted with the City's Request for Judicial Notice, which are 10 signed misdemeanor complaints filed in Superior Court between April 26, 2019, and June 3, 2010. (ECF Doc. 24-3, pg. 2, ln. 9-16.) He mistakenly claims that the Superior Court is an "arm of the City" and that the documents offered are "not public record if their details are not public." (ECF Doc. 26, pg. 3, ln. 15-17; pg. 3, line 28 to pg. 4, ln. 1.) The sampling of documents that the City provided in its Request for Judicial Notice are public records. (ECF Doc. 24-3, pg. 9-31.) The Superior Court's webpage, https://www.sdcourt.ca.gov/, shows that the Superior Court is an arm of the State, not the City. Furthermore, Plaintiff fails to explain how he got copies of misdemeanor complaints if such documents are not publicly available.

Accordingly, The City asks that the Court grant its Request for Judicial Notice. (ECF Doc. 24-2.)

### E. The prosecutorial defendants (Does) are City employees and entitled to immunity

Plaintiff appears to argue that a defense of prosecutorial immunity is premature because he "has not alleged that a *prosecutor* filed a complaint." (ECF Doc. 26, pg. 5, ln. 7-8) (italics in original.) This argument is inconsistent with the allegations in the SAC. The SAC alleges that DOE Defendants 21-50 initiated and maintained the prosecution (ECF Doc. 19, pg. 30, ln. 16-17) and references at least six instances of prosecution by the City Attorney. (ECF Doc. 19, ¶¶ 14, 32, 41, 48, 93, and 119.)

llowing Plaintiff to depart from the claims made in the SAC prejudices Defendant and undermines the integrity of these proceedings. Defendant prepared its motion based on the SAC's allegations, expending resources and time to address the

factual and legal issues Plaintiff set forth. By shifting his position in the Opposition Brief, Plaintiff effectively attempts to circumvent the City's arguments defenses, resulting in procedural unfairness and inefficient litigation.

Given these inconsistencies, Defendant respectfully requests that the Court disregard the arguments that contradict the allegations in the SAC. This relief is warranted to prevent unfair surprise and maintain the integrity of the judicial process, ensuring that this case is adjudicated on the grounds upon which it was originally brought.

Furthermore, either the City Attorney prosecuted him, and prosecutorial immunity applies, or the City Attorney did not, and prosecutorial immunity does not. Therefore, his argument that it is improper to dismiss the DOES because they are entitled to prosecutorial immunity before determining their job positions (attorneys) or their employer is erroneous. (ECF Doc. 26, pg. 5, ln. 20-21.)

Plaintiff's desire to perform discovery is clear. He wants to find out the identity of the DOE prosecutors. Discovery to learn facts to plead a cause of action is not appropriate. *Somers v. Apple, Inc.,* 729 F.3d 953, 966 (9th Cir. 2013).

As noted in the Court's order granting the City's first motion to dismiss, Plaintiff may refer to unnamed defendants as DOEs at the pleading stage, however, Rule 8 requires a plaintiff to "allege specific facts showing how each particular doe defendant violated the plaintiff's rights." (ECF Doc. 18, pg. 4, line 28 to page 5, line 3 (citing *Thomas ex rel. Thomas v. Cnty. of San Diego*, No. 20-cv-1979-CAB-MDD, 2021 WL 2715086, at *3 (S.D. Cal. July 1, 2021.)) Plaintiff has not done so in the SAC. Accordingly, the unnamed prosecutorial defendants should be dismissed with prejudice.

While Plaintiff argues that the City presents no clear assertion of the qualified immunity defense (ECF Doc. 26, pg. 5, ln. 26-27), the City is unable to assert the specific conduct subject to the immunity because Plaintiff's SAC fails to set forth specific factual allegations to support the *Monell* claim based on the alleged

wrongdoing of the prosecutorial defendants. Nonetheless, Plaintiff describes the actions – allegedly bringing a complaint without signing it, using the language of the penal code to state the crime with which he is charged, and maintaining the case as long as they did. These are all squarely within the protections of prosecutorial immunity.

**F. Plaintiff should not be permitted to a fourth attempt to file a cognizable claim. He cannot cure the defects in his SAC; the Criminal Complaint was signed even though it did not need to be and it gave him sufficient notice of the charges. He The prosecutorial defendants (Does) are City employees and entitled to immunity.**

Plaintiff, who is proceeding pro per, has now filed three complaints in this matter, each of which has failed to state a viable claim. Despite multiple opportunities to amend, Plaintiff has been unable to cure the fundamental defects in the allegations. Courts are not required to grant indefinite opportunities to amend, particularly where, as here, it is clear that further amendment would be futile. See *Foman v. Davis*, 371 U.S. 178, 182 (1962) (holding that leave to amend may be denied when amendment would be futile).

Allowing Plaintiff yet another opportunity to amend would unduly burden the Court and prejudice Defendant by prolonging litigation over baseless claims. Plaintiff's repeated amendments demonstrate that the defects are not the result of minor drafting errors but rather reflect substantive deficiencies that cannot be cured. Accordingly, Defendant respectfully requests that the Court deny Plaintiff leave to file a third amended complaint and dismiss this action with prejudice to ensure judicial efficiency and finality.

### III. CONCLUSION

Plaintiff's Second Amended Complaint is legally and factually flawed. A further amendment cannot remedy those flaws. He fails to support his conclusory allegations to put the City on notice and plausibly demonstrate an entitlement to relief. Despite three chances to do so, Plaintiff has not alleged a specific custom or

1  practice by the City that caused him harm, and thus has not alleged a viable *Monell*
2  claim. Based on the foregoing, Defendant City of San Diego respectfully requests
3  that the Court grant its motion to dismiss under Federal Rule of Civil Procedure
4  12(b)(6) and dismiss the Second Amended Complaint as against it and its Doe
5  employees with prejudice.

6  Dated: October 30, 2024          MARA W. ELLIOTT, City Attorney

8                                                  By _____
                                                   Stacy J. Plotkin-Wolff
9                                                  Senior Chief Deputy City Attorney

10                                                 Attorneys for Defendant
                                                   CITY OF SAN DIEGO