1            UNITED STATES DISTRICT COURT

2         FOR THE SOUTHERN DISTRICT OF CALIFORNIA

3   ROBERT L. PARKER, Ph.D.,      )
                                  )  No.  3:24-CV-0518-JES-DDL
4            Plaintiff,           )
                                  )
5   v.                            )  July 3, 2024
                                  )
6   CITY OF SAN DIEGO, ET AL.,    )
                                  )  Courtroom 4B
7            Defendants.          )
    _____)  San Diego, California

8

9              TRANSCRIPT OF PROCEEDINGS

10                 (Motion Hearing)

11

12    BEFORE THE HONORABLE JAMES E. SIMMONS JR., DISTRICT JUDGE

13

14

15

16

17

18

19

20  COURT REPORTER:         AMANDA M. LeGORE
                            RDR, CRR, CRC, FCRR, CACSR
21                          U.S. District Court
                            333 West Broadway, Suite 420
22                          San Diego, CA 92101
                            amanda_legore@casd.uscourts.gov
23
    Reported by Stenotype:  Transcribed by Computer
24

25

```
 1   APPEARANCES:

 2   PRO SE:                  ROBERT L. PARKER, Ph.D
                              5468 Collier Avenue
 3                            San Diego, CA  92115
                              (505)554-6507
 4                            robertlewisparker@gmail.com

 5

 6   FOR DEFENDANT CITY OF
     SAN DIEGO:               STACY PLOTKIN-WOLFF
 7                            Office of the San Diego City Attorney
                              1200 Third Avenue, Suite 1100
 8                            San Diego, CA  92101
                              (619)236-6486
 9

10

11   FOR DEFENDANT SDSU
     POLICE DEPARTMENT:       TIM VANDEN HEUVEL
12                            California Department of Justice
                              Office of the Attorney General
13                            600 W. Broadway, Suite 1800
                              San Diego, CA  92101
14                            (619)738-9095
                              tim.vandenheuvel@doj.ca.gov
15

16

17

18

19

20

21

22

23

24

25
```

1          (Wednesday, July 3, 2024; 9:58 a.m.)

2

3                    P R O C E E D I N G S

4

5          THE CLERK:  You may be seated.

6          Calling matter number 2, 24-CV-0518, Parker versus

7    City of San Diego, et al., for a motion hearing.

8          THE COURT:  All right.  Good morning, everyone.

9          THE ATTORNEYS:  Good morning, your Honor.

10         THE COURT:  All right.  Good morning, Dr. Parker.

11         PLAINTIFF PARKER:  Yes, thank you.

12         THE COURT:  And on behalf of the city, as well as the

13   state defendants, will you please state your appearances.

14         ATTORNEY PLOTKIN-WOLFF:  Yes, your Honor.  Senior

15   chief deputy city attorney on behalf of the City of San Diego.

16         THE COURT:  Good morning.

17         ATTORNEY PLOTKIN-WOLFF:  Stacy Plotkin-Wolff.  I

18   forgot my name.  (Laughing.)

19         ATTORNEY VANDEN HEUVEL:  Good morning, your Honor.

20   Deputy Attorney General Tim Vanden Heuvel on behalf of the SDSU

21   defendants.

22         THE COURT:  All right.  Good morning.

23         All right.  So this matter was before the Court on a

24   motion to dismiss filed by each of the defendants.  The

25   defendant groups, I'll say.

1          The Court has reviewed the motions to dismiss.  I've

2    reviewed the opposition filed on behalf of Dr. Parker.  I've

3    also reviewed the reply briefing filed on behalf of the

4    defendants.

5          And I do have a tentative ruling on each of the

6    motions, and I'll give the parties a chance to address these

7    issues.

8          I'll separate them.  First, the City of San Diego, the

9    Court's tentative is to grant the motion to dismiss in regards

10   to the *Monell* liability claim for the following reasons.

11         In order to state a proper claim for *Monell* liability,

12   you have to do more than just restate the elements of the

13   claim.  You have to state an actual policy that was in effect.

14   And it can't just be the case before the Court.  It has to be a

15   policy that existed prior to that case that is either a

16   longstanding policy that has been in effect; or, if it's a

17   single incident, the law requires more than just restating the

18   claims -- the restating the elements of the claim.

19         Second -- that's with Count 1.  And there's another

20   issue with the way the complaint is prepared.  The complaint

21   lists two causes of action.  The first cause of action has

22   every single -- not every single defendant, but it has the City

23   of San Diego and each of the individual defendants listed.  The

24   second cause of action lists all of the defendants.

25         Well, the first cause of action for malicious

1    prosecution, it -- Mr. -- Dr. Parker is arguing for *Monell*

2    liability towards the City and individual liability for the

3    individual defendants.

4              PLAINTIFF PARKER:  (Nods head.)

5              THE COURT:  Well, it's one cause of action.  So it

6    should be addressed to the specific cause of action.  If it's

7    *Monell* liability, it needs to be a separate cause of action

8    solely to the City.  If it's individual liability, the City

9    cannot be individually held liable.  So it cannot be one cause

10   of action that just groups both the municipality as well as the

11   individuals together.  It has to be separate causes of action.

12             So that's an issue that the Court wanted to raise,

13   which is why the Court thinks, at the very least, a more

14   definitive statement is appropriate; which Dr. Parker

15   acknowledges as well.

16             PLAINTIFF PARKER:  (Nods head.)

17             THE COURT:  So that's for the first cause of action

18   for the City.

19             The Court's tentative on the second cause of action is

20   to grant the motion to dismiss because injunctive relief is not

21   a claim.  It's a type of relief.  And in order to seek

22   injunctive relief, you must satisfy FRCP 65, and list the

23   requirements under Federal Rules of Civil Procedure 65.  Those

24   were not done in this cause of action, in the first amended

25   complaint.  So, for those reasons, the Court is inclined to

1  grant the motion to dismiss.

2        However, the Court is -- tentative is to grant

3  Dr. Parker leave to amend the complaint to address those

4  deficiencies toward the city's argument.

5        Now, we move on to San Diego State University Police

6  Department and the individual defendants, and what has been

7  termed the Regence of California State University; which does

8  not exist.  The parties both recognize that.  So, obviously,

9  that's an easy position for the Court to grant the motion to

10  dismiss for that entity, which is a nonexistent entity -- or

11  nonexistent defendant.

12        And then the Court's tentative is to grant the

13  defendant's motion in regards to the first claim.  First of

14  all, to the San Diego State University Police Department and

15  the regents for the additional reason that the defendants have

16  raised the issue of the Eleventh Amendment, the immunity of the

17  state of California and the state agencies and officials in

18  their official capacity.

19        This Court, absent consent of the State of California,

20  cannot bring or hear a cause of action against the State of

21  California or any of its agencies unless they consent to do so.

22  If you want to bring a cause of action against a state agency,

23  you need to do that in state court.  You cannot do that in

24  federal court.

25        So the Court's tentative is to grant the motion to

1    dismiss with prejudice in regards to the San Diego State

2    University Police Department.

3          Dr. Parker acknowledges and the defense acknowledges

4    that they are an agency of the state of California.  And,

5    frankly, Dr. Parker does not address the Eleventh Amendment

6    argument in his opposition briefing, as well.  Since he did not

7    address it in his briefing, the Court cannot hear any argument

8    about it today.  He has waived that issue since he did not

9    address it in his briefing.  So the Court will grant that

10   motion to dismiss with prejudice.

11         The second issue is in regards to Police Chief Johnson

12   Mays.  In his opposition briefing, Dr. Parker has indicated

13   that he is bringing the cause of action against Chief Mays in

14   his individual capacity, not his official capacity.

15         So to the extent that the claim is brought in his

16   official capacity, the Court will grant the motion to dismiss.

17   To the extent the claim is brought in his individual capacity

18   and as well as the other remaining named individuals, the

19   Court's tentative is to grant the motion that is unopposed for

20   a more definitive statement.

21         So Dr. Parker will be given a chance to amend the

22   complaint to provide a more definitive statement to support the

23   causes of actions alleged against each of these individual

24   defendants.

25         The second cause of action as to the state defendants,

1    for lack of a better term, the injunctive relief -- I've

2    already stated -- is not a cause of action.  But there's

3    another issue.  That -- there is the prior case filed, Case

4    20-CV-661, by Judge Hayes.

5           And Judge Lopez eventually did the order for summary

6    judgment.  There was a request for injunctive relief filed in

7    that case for the August 10th arrest from 2020.

8           Judge Lopez ruled on that motion -- that request for

9    injunctive relief.  That issue has already been addressed.  It

10   cannot be readdressed in a brand-new lawsuit.

11          So the Court is going to grant the motion to dismiss

12   by the state defendants with prejudice.  That's the tentative

13   from the Court.  So I provided the tentative rulings of the

14   Court.  This is the defendants' motion.  They carry the burden

15   on this motion.  Therefore, I will have the defendants address

16   the Court first.

17          I'll give Dr. Parker a chance to respond and address

18   any issues he would like to address.  And then I'll give the

19   defendants one final opportunity to address those issues.  So

20   who would like to go first?

21          ATTORNEY PLOTKIN-WOLFF:  The City would submit to the

22   Court's order but reserve the opportunity to respond to

23   Mr. Parker's arguments.

24          THE COURT:  All right.  Thank you.

25          ATTORNEY VANDEN HEUVEL:  The State will also reserve

1    the opportunity to respond to Dr. Parker but will submit on the

2    tentative.

3              THE COURT:  All right.   Thank you.

4              Dr. Parker?

5              PLAINTIFF PARKER:  Yes.   Thank you, your Honor.

6              Is it okay to remain seated?

7              THE COURT:  That's fine.   As long as you can stay

8    close to a microphone.

9              PLAINTIFF PARKER:  Okay.   Am I fine here?

10             THE COURT REPORTER:   (Nods head.)

11             PLAINTIFF PARKER:  First of all, thank you.   I

12   disagree with one of the minor points here.

13             First of all, my position on opposition to the SDSU

14   police department defendants is that in their motion the police

15   misstated the facts of the case, not minorly but severely.

16   They -- they stated a background for the case that is not at

17   all the truth or what's in the complaint.

18             And my position is, having stated the facts wrong,

19   there's no obligation for me to address their -- their motion

20   at all.  So that's -- that's my position on that.

21             THE COURT:  Okay.  And I understood that position.  My

22   question is separate from the facts, they're a state agency.

23   They're an agency of the state of California, which you

24   acknowledge in your complaint.

25             So what authority does this Court have to hear any

1    claims against either an agency of the state of California or

2    the State of California itself in federal court?  Because

3    that's a jurisdiction issue.  The Court has to decide that

4    jurisdiction issue before hearing anything about any alleged

5    facts of the case.  And you didn't address the jurisdiction

6    issue.

7              PLAINTIFF PARKER:  Right.

8              And my position is I'm -- I'm not even required to

9    step forward.  When -- when they state a case that is not the

10   case that has been presented in the fact that -- that the

11   opposition has no requirement, whatsoever, to step forward and

12   address anything.  That's the position that I'm stating.

13             THE COURT:  I understand.

14             PLAINTIFF PARKER:  And that's the position I took.

15   This is not even -- this is not even the right case.  You've

16   misrepresented the facts, and so I'm not going to oppose the

17   motion.

18             THE COURT:  Yeah.  Let me just state this again.  So

19   jurisdiction has to be decided before we address any facts.

20             So if the Court doesn't have jurisdiction to hear a

21   case, I can't even go into the facts of the underlying dispute.

22   And the defense has raised an issue on jurisdiction, meaning

23   that this is a state agency that cannot be sued in the federal

24   court.

25             Before I can discuss or -- or even contemplate or do

1    any discussion of the facts, I have to rule on the jurisdiction

2    issue before any discussion of the facts.

3              PLAINTIFF PARKER:  Okay.

4              THE COURT:  So -- there was -- you didn't argue the

5    jurisdiction issue.  Since you didn't argue it, you've waived

6    it.  And if you waived it, the Court needs to dismiss the case,

7    since it was not addressed.

8              PLAINTIFF PARKER:  Okay.  And my position is, no, I

9    didn't waive it.  They waived the right it make the argument by

10   stating incorrect facts.

11             THE COURT:  Okay.

12             PLAINTIFF PARKER:  I'm requesting that the Court rule

13   that having stated the facts wrong, the motion is not before

14   this Court at all.  Okay?  So that's my position on that.

15             Let's see.  On the injunctive relief request against

16   the police, what the other court ruled, after I argued that

17   this issue is not even before the Court to rule at all, the

18   Court ruled to the extent that it is before the Court, it's

19   dismissed.  The Court did not ever rule on my position that

20   it's not even before the Court at all.

21             And so the -- the record not having been completely

22   presented to this Court about what the other court ruled, my

23   position is that it's -- it's not an issue that's barred.

24             So it wasn't fully ruled on by the other court.  It

25   was conditionally ruled upon.

1        THE COURT:  If I recall, it was a cause of action in

2   the complaint in that other case.  Correct?

3        PLAINTIFF PARKER:  Yes.  And there was a -- not a

4   motion to dismiss.  Summary judgment.

5        But it wasn't -- in their summary judgment motion, the

6   defendants in that case did not properly put the issue forward

7   as -- for -- for the Court to rule on.

8        And that was my position.  Is -- is that that --

9   summary judgment on this particular item has not been put

10  forward, and so the Court shouldn't rule on it at all.

11       And you'll notice, in the -- in the pleadings, in the

12  reply brief -- and, by the way, I also want to mention that

13  issue was brought up for the first time on reply, so I didn't

14  have a chance to brief it.

15       And if the Court does want briefing on the issue, I

16  would be happy to provide the briefing.  I just don't think

17  it's proper for the Court to make a ruling based on something

18  that was stated for the first time in the reply brief and is in

19  fact not consistent with the historical facts of the claim.

20       THE COURT:  What issue was that?

21       PLAINTIFF PARKER:  That was in the reply brief.

22  Mr. Vanden Heuvel stated that this issue of the injunctive

23  relief had already been ruled upon by a previous court.

24       THE COURT:  Okay.  I'm sorry for interrupting.  You

25  can continue arguing, sir.

1          PLAINTIFF PARKER:  No, I think I finished my argument.

2    That, first of all, it was -- it was presented for the first

3    time in reply, and I haven't had a chance to react to it except

4    here, in stating that the reply doesn't state the facts

5    correctly -- or doesn't state the facts completely.

6          However, you'll see -- you'll see in -- what is in the

7    reply was that what the Court ruled was that, to the extent

8    that this issue is before the Court -- and in order for this to

9    have, you know, claim preclusion effect, the Court would have

10   had to make a -- a definitive ruling on that cause of action.

11         I do have one additional argument, and that is the

12   risk to me and to other people in my position remains -- that

13   is, this can be stated as a new cause of action, even if that

14   one has been dismissed, because the risk is still there.  It

15   renews itself by remaining a risk to me of being harmed by

16   improper application of this statute.

17         Other than that, as long as there's -- there is

18   granted leave to amend, except on the -- the parts that you've

19   stated against the -- the state entities, I don't have any

20   other -- any objections to the tentative.

21         THE COURT:  Okay.  Well, thank you very much, sir.

22   Anything else?

23         Or any reply on behalf of the defendants?  Whoever

24   would like to go first.

25         ATTORNEY VANDEN HEUVEL:  Yes.  So, your Honor, Deputy

1   Attorney General Tim Vanden Heuvel.

2           THE COURT REPORTER:  Can you please move the

3   microphone closer to you, please.

4           ATTORNEY VANDEN HEUVEL:  I'm sorry.

5           THE COURT:  Thank you.

6           ATTORNEY VANDEN HEUVEL:  Again, Deputy Attorney

7   General Tim Vanden Heuvel on behalf of the SDSU defendants.

8           I think that the motion for a more definitive

9   statement will allow us and the Court a more clear opportunity

10  to address the first cause of action.  And we submit to the

11  tentative.

12          As to the second cause of action, there's been

13  numerous cases brought by Mr. Parker.  And, to be quite honest,

14  I thought that the argument that was put into the reply brief

15  regarding the MSJ grant had been granted on the state side.  I

16  realize that I had not raised it in the -- in the initial

17  briefing on the reply brief.  And I put it in there to alert

18  the Court to it.

19          In any case, the tenth cause of action for injunctive

20  relief in the 20-CV-661 case was fully adjudicated.  There was

21  a ruling.  The Court granted summary judgment saying plaintiff

22  has not shown or attempted to show irreparable harm or the

23  likelihood of success on the merits.  Accordingly, to the

24  extent the claim is before the Court, defendants are entitled

25  to summary judgment on plaintiff's claim for injunctive relief.

 1          THE COURT:  And just to interrupt you, I read the

 2    summary judgment motion, as well as the amended summary

 3    judgment motion in that case.

 4          But to Dr. Parker's point, it was not addressed in the

 5    opening briefing, and it was only addressed for the first time

 6    in the reply briefing.  And he wasn't given a chance to address

 7    it in his opposition.

 8          So I understand the position.  And I -- I think it's

 9    an issue that was resolved in that case.  Nevertheless, to give

10    Dr. Parker a chance to address it, the Court's tentative is

11    still to dismiss it, because it fails to comply with Federal

12    Rule of Civil Procedure 65, regardless.

13          But I'm not going to dismiss it with prejudice.  I'll

14    give Dr. Parker a chance to address that issue.  And then,

15    assuming that he files a second amended complaint that includes

16    or does not include that, I don't want to -- I don't want to

17    assume that he will include that argument, that cause of action

18    again.  But if he does, then at that time any appropriate

19    motion that you think should be filed will be filed.

20          And in regards to the City's issues -- and I know we

21    haven't gotten to the City yet.  I do want to give Dr. Parker a

22    chance to, once again, amend his complaint.  But you won't --

23    you won't be given multiple opportunities to amend.

24          You've already amended once, on your own.  The Court's

25    going to give you an opportunity to amend again.  And depending

1    on that next amendment, the Court will decide, at that time,

2    whether -- if there is not sufficient cause of action in the

3    next amendment, you may not be granted leave to amend a third

4    time.  But that's not before me yet, so I'm not going to decide

5    that issue yet.  It really depends on the nature of that

6    filing.

7           But I just wanted to state that for the record, so the

8    parties can make sure that you understand what the Court's

9    position is.

10          But I interrupted you in regards to that issue.  But I

11   think Dr. Parker makes -- raises a great point in regards to

12   not having an opportunity to address it in his opposition.

13          So I'm not going to dismiss that with prejudice.  I

14   don't think that's appropriate to do so at this time.  But I

15   will give you a chance to finish your argument, since I

16   interrupted you.

17          ATTORNEY VANDEN HEUVEL:  I would agree with the Court.

18          Frankly, this -- the earlier case was my boss's case,

19   Richard Wolff, who recently became deceased and -- God rest his

20   soul.  But, in any case, I was not part of the case at that

21   point.  So in reviewing the pleadings, that was the first time

22   I saw it, was on the reply brief.  We're happy to address it in

23   an amended complaint.

24          THE COURT:  Okay.  Anything else?

25          ATTORNEY VANDEN HEUVEL:  No.

1          THE COURT:  And Ms. Plotkin?

2          ATTORNEY PLOTKIN-WOLFF:  I don't believe he made

3    any --

4          THE COURT REPORTER:  Can you move the microphone

5    closer to you?

6          ATTORNEY PLOTKIN-WOLFF:  I apologize.

7          THE COURT REPORTER:  Thank you.

8          ATTORNEY PLOTKIN-WOLFF:  I don't believe he made any

9    argument with regard to the City's issues.  So we're

10   submitting, your Honor.

11         THE COURT:  Okay.  And let me make one more comment in

12   regards to any future briefings.  And I know there was an issue

13   that Dr. Parker raised in regards to the doe defendants.  I

14   believe 21 through 30, and then potentially 21 through 50.

15         And the City raised this issue in their -- in their

16   initial motion, that there may be prosecutorial immunity,

17   depending on who these doe defendants potentially are.

18         And to the City's points -- and Dr. Parker may

19   disagree.  But obviously some -- at least some of these doe

20   defendants are city attorney employees, based on the -- the way

21   the complaint is worded.

22         So, Dr. Parker -- just to give you a little guidance

23   in regards to the amended complaint -- you need to spell out

24   more in detail, because there may potentially be an argument --

25   the City's already put you on notice that they may be making an

1    argument for prosecutorial immunity based upon the complaint.

2    So the Court will have to rule on that, if it's raised in the

3    future.

4         So when you're filing -- or addressing your amended

5    complaint, and providing them a more definitive statement, you

6    need to make sure you address each of the requirements of the

7    elements of the charges of action -- causes of action that you

8    allege so that it can survive motion to dismiss.

9         I want to make sure you're given an opportunity to be

10   adequately heard and have your concerns addressed by the Court

11   appropriately.

12        So -- I can't give you legal advice, obviously.  But

13   since you have -- are representing yourself, I have to hold you

14   to the same standard I would any other attorney.  So I just

15   want to make sure you're aware of that, so we can prevent any

16   issues in regards to dismissal motions in the future,

17   hopefully.

18        PLAINTIFF PARKER:  Yes, your Honor.

19        I would like to do some discovery, so I would like to

20   file a motion for limited discovery before amending the

21   complaint.  And the reason is --

22        THE COURT:  Well, there's no motion before the Court,

23   so I'm not ruling on any motions.

24        PLAINTIFF PARKER:  Correct.  I'm -- it's for timing.

25   I'm just letting the Court know for timing and scheduling

1   purpose.

2          THE COURT:  Well if you want to file any motions, you

3   are welcome to do so.  There are no -- I can't rule on motions

4   that aren't before me.

5          PLAINTIFF PARKER:  Okay.

6          THE COURT:  So it's not before the Court today.

7          If you want -- if you want to file any motions, they

8   must be written motions, and I will rule on any written motions

9   once they are filed; once they are fully briefed.

10         PLAINTIFF PARKER:  Yes.  I would like address one more

11  issue.

12         THE COURT:  Okay.

13         PLAINTIFF PARKER:  Now, I know when -- I've

14  experienced this multiple times.  And that is, opposing

15  attorneys going up against a pro se attorney are quite liberal

16  in their descriptions of the facts.

17         And I have never had a court acknowledge -- even

18  acknowledge that the facts were presented counter to reality.

19  And I don't -- I don't know the inner workings of how -- of why

20  this -- why this is not a big deal.

21         It's a very big deal to me when the opposition states

22  facts clearly wrongly to the Court.  And they're prejudicial

23  to, you know, the Court's view of what really happened.  That

24  is, they cast me in a negative light, and that's a bad place to

25  start.

1          And there's -- there's another reason that I'm really

2     concerned about this -- this misrepresentation of facts.  And

3     that is, we all know there's these AI tools out there.  There's

4     specific ones offered by LexisNexis, by Westlaw, that you can

5     sign up for.  And -- and then there are three or four that are

6     just publicly available, and I'm signed up for several of

7     these.  And they're extremely powerful tools.  You can take a

8     motion and simply ask these large --

9          THE COURT:  I'm sorry for interrupting you.  But is

10     there a request that you're asking for?

11          PLAINTIFF PARKER:  There is.  There is a thesis here,

12     and I'll finish it right quickly.

13          THE COURT:  Can we get to the request, please.

14          PLAINTIFF PARKER:  Okay.  Whether you know it or not,

15     I know that your clerks are using these tools.  They're too

16     powerful.  They help you so much.  You run -- you run the

17     motion through this and say --

18          THE COURT:  I can tell you, my clerks are not using

19     any AI in my chambers.  So I can address that concern.

20          PLAINTIFF PARKER:  Okay.  I appreciate that.

21          The existence of these gives reason to state the facts

22     wrong because they -- they -- they let the tool -- they direct

23     the tool down the wrong road and state the issues.

24          THE COURT:  Okay.

25          PLAINTIFF PARKER:  Even -- forget the AI.  I'll drop

1    that argument.

2            It concerns me that courts never care when the facts

3    have been misrepresented -- misrepresented.

4            I understand I can file a motion for sanctions.  I've

5    done that before.  Again, to no avail.  It -- it is important

6    to me that the opposition states the facts correctly.  I

7    understand that Mr. Vanden Heuvel has his facts incorrectly

8    from his clients.  But the fact that this goes every time I

9    appear pro se against attorneys, they misrepresent the facts

10   and suffer no consequences for it, I -- I'm simply asking you

11   to be aware of that fact in future proceedings here.  That

12   misrepresentation is a big problem to me.  It should be a big

13   problem -- a big problem with the Court.

14           THE COURT:  All right.  Well, let me make a few

15   comments.  The defense does not need to respond.

16           First of all, I am not making any findings that

17   anybody has misrepresented anything today.

18           First of all -- and, second, in the motion to dismiss,

19   the Court has to assume that all of the facts in the complaint

20   are true.  And make any reasonable inferences in the nonmoving

21   parties' favor; which would be the plaintiff's favor.  So

22   that's the -- the -- the foundation in which the Court starts a

23   motion to dismiss.

24           I assume every single fact in the complaint is true.

25   Any reasonable inference I can draw from those facts are true

1    as well.

2          I don't consider any facts outside of the complaint

3    because that's inappropriate at a motion to dismiss phase.

4          So that's the foundation in which the Court starts on

5    motions to dismiss, and I just wanted to assure you that

6    anything outside of the complaint or any reasonable inferences

7    that I can draw, that are -- are -- or any unreasonable

8    inferences that someone can imagine, those are not considered

9    by the Court in the motion to dismiss.

10         And once again, as I stated earlier to alleviate your

11   concern, staff in my chambers do not use AI in preparation or

12   in consultation; or, frankly, in drafting or hearing or

13   preparing any motions.  So that's not a concern for the Court.

14   And any misrepresentation of any facts is -- is a concern for

15   this Court as well.

16         But, once again, motion to dismiss, I only look at the

17   facts in the complaint and any reasonable inferences from the

18   complaint.  Nothing else.

19         PLAINTIFF PARKER:  All right.

20         THE COURT:  All right.  Anything else from the

21   defense?

22         ATTORNEY VANDEN HEUVEL:  No, your Honor.

23         ATTORNEY PLOTKIN-WOLFF:  No.

24         THE COURT:  So I want to thank all of you.  The Court

25   will take this matter under submission.  I will prepare a

1  written order and provide that written order to the parties,

2  and we'll proceed from there.

3           All right.  Thank you very much, everyone.

4           PLAINTIFF PARKER:  Thank you.

5           ATTORNEY PLOTKIN-WOLFF:  Thank you, your Honor.  Enjoy

6  your holiday.

7           THE COURT:  And you as well.  Thank you.

8           THE CLERK:  This court is now in recess.

9           (Conclusion of proceedings at 10:24 a.m.)

10

11                          --oOo--

12

13  I certify, by signing below, that the foregoing is a correct
    stenographic transcript of the oral proceedings had in the
14  above-entitled matter this 10th day of January, 2025.  A
    transcript without an original signature or conformed signature
15  is not certified.  I further certify that the transcript fees
    and format comply with those prescribed by the Court and the
16  Judicial Conference of the United States.

17                    /S/ Amanda M. LeGore

18          AMANDA M. LeGORE, RDR, CRR, CRC, FCRR, CACSR 14290

19

20

21

22

23

24

25