# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT L. PARKER, Ph.D, <br><br> Plaintiff, <br><br> v. <br><br> CITY of SAN DIEGO et al., <br><br> Defendants. | Case No.: 3:24-cv-00518-JES-DDL <br><br> **ORDER GRANTING MOTIONS TO DISMISS** <br><br> **[ECF Nos. 23, 24]** |

Pending before the Court are the City of San Diego's ("City") and San Diego State University Police Department ("SDSUPD") officers' (collectively, "Defendants") Motions to Dismiss Plaintiff Robert L. Parker's ("Plaintiff") Second Amended Complaint ("SAC," ECF No. 19). ECF No. 23 ("City Motion"); ECF No. 24 ("SDSUPD Motion"). Plaintiff filed oppositions, and Defendants filed replies. ECF Nos. 25-28. On November 6, 2024, the Court heard oral arguments. For the reasons stated below, the Court **GRANTS** both Motions.

//
//
//
//

## I. BACKGROUND

### A. Procedural Background

On May 3, 2024, Plaintiff filed a First Amended Complaint[1] ("FAC") alleging constitutional violations for malicious prosecution under 42 U.S.C. § 1983 against the City, SDSUPD, the Regents of California State University[2] ("CSU Board"), SDSUPD Chief Josh Mays ("Chief Mays"), SDSUPD Officers Jonathan Becerra ("Ofc. Becerra"), Carrie Hogan ("Ofc. Hogan"), Norma Cruz ("Ofc. Cruz"), Paul McClain ("Ofc. McClain"), Traci Steckler ("Ofc. Steckler"), Anthony Calvert ("Ofc. Calvert"), and Does 1-50. *See* ECF No. 10. Plaintiff also sought injunctive relief. *Id*. Defendants filed motions to dismiss the FAC, and individual SDSUPD defendants also filed a motion for a more definite statement. ECF Nos. 11, 12. On July 9, 2024, the Court: (1) granted the motion to dismiss with prejudice for all federal constitutional claims against SDSUPD, CSU Board, and Chief Mays in his official capacity; (2) granted the motion for a more definite statement for the first cause of action against individual SDSUPD defendants; (3) denied injunctive relief without prejudice; and (4) granted the City's motion to dismiss without prejudice. ECF No. 18 ("Prior Order").

On August 23, 2024, Plaintiff filed a SAC. ECF No. 19. On September 20, 2024, Defendants moved to dismiss the SAC. ECF Nos. 23, 24.

### B. Factual Background

On February 10, 2020, Plaintiff visited San Diego State University ("SDSU") to deliver a records request and an envelope to an SDSU employee at the Aztec Recreation Center. SAC ¶ 8. Plaintiff contends that his presence on campus was brief, not disruptive, and that "no person directed Plaintiff to leave campus." *Id*. ¶ 9-10. On February 12, 2020, Ofcs. Steckler and Calvert arrived at Plaintiff's home and served him with a stay-away

---

[1] On March 18, 2024, Plaintiff filed his original Complaint. ECF No. 1.

[2] "Regents of California State University" does not exist, and Plaintiff intended to name "Board of Trustees of California State University" as a defendant. ECF No. 14 at 4-5.

order under California Penal Code § 626.6 ("PC 626.6"), prohibiting him from returning to SDSU for seven days. *Id.* ¶ 74; SDSUPD Mot. at 7. That day, Plaintiff emailed Chief Mays stating, "I will defy your unlawful order." SAC ¶ 75. Plaintiff alleges Chief Mays then shared the email with SDSUPD officers and communicated that "Parker was to be arrested if he came to campus." *Id.* On February 18, 2020, Plaintiff entered SDSU and was arrested by Ofcs. Cruz and McClain for violating the stay-away order. *Id.* ¶¶ 76, 78. On June 19, 2020, the City formally charged Plaintiff with violating PC 626.6. *Id.* ¶ 97. Plaintiff pled not guilty, and a trial date was set. *Id.* ¶¶ 100, 104. On March 17, 2022, Plaintiff appeared for trial and the court granted the prosecutor's request to dismiss the charge. *Id.* ¶ 105.

### C. Plaintiff's Allegations

Generally, the SAC alleges the same constitutional violations as the FAC. *See* ECF No. 19. SDSUPD and the CSU Board were removed as defendants, and the request for injunctive relief was abandoned. *Id.* The City, individual SDSUPD defendants, and Doe defendants remain. *Id.* Plaintiff alleges two causes of action: (1) Fourth and Fourteenth Amendment § 1983 violations for malicious prosecution against SDSUPD officers being sued in their individual capacities and Does 1-20 (collectively, "SDSUPD Defendants"), and separately against Does 21-50, whom Plaintiff classifies as "Prosecutorial Defendants;" and (2) *Monell*[3] liability against the City.

## II.  LEGAL STANDARD

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim tests the legal sufficiency of a plaintiff's claim. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). When ruling on the motion, the court must accept as true all well-pleaded factual allegations in the complaint. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The court need not accept as true legal conclusions cast as factual allegations.

---

[3] *Monell v. Dep't of Soc. Servs. of the City of New York*, 436 U.S. 658 (1978)

*Id.*; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" are insufficient to state a claim).

A complaint must "state a claim for relief that is plausible on its face." *Twombly*, 550 U.S. at 570. To survive a motion to dismiss, a complaint must include non-conclusory factual content. *Id.* at 555; *Iqbal*, 556 U.S. at 679. The facts and the reasonable inferences drawn from those facts must show a plausible—not just a possible—claim for relief. *Twombly*, 550 U.S. at 556; *Iqbal*, 557 U.S. at 679; *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). The focus is on the complaint, as opposed to any new facts alleged in, for example, the opposition to a defendant's motion to dismiss. *See Schneider v. California Dep't of Corrections*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998), *reversed and remanded on other grounds as stated in* 345 F.3d 716 (9th Cir. 2003). "Determining whether a complaint states a plausible claim for relief [is] ... a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 557 U.S. at 679. The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard. *Id.*; *see also Moss*, 572 F.3d at 969.

The pleadings of a *pro se* plaintiff "must be held to less stringent standards than formal pleadings drafted by lawyers." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (internal quotation marks and citation omitted). Although the pleadings are still evaluated under *Iqbal* and *Twombly*, courts are obligated "to construe the pleadings liberally and to afford the [*pro se*] petitioner the benefit of any doubt." *Id.* (internal quotation marks and citation omitted).

When a court dismisses a complaint under Rule 12(b)(6), it must then decide whether to grant leave to amend. Federal Rule 15(a) provides that a district court should "freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a). A district court has discretion to deny leave to amend when a proposed amendment would be futile. *Chappel v. Lab. Corp. of America*, 232 F.3d 719, 725-26 (9th Cir. 2000). Dismissal without leave to amend is appropriate only when the Court is satisfied that the deficiencies of the

complaint could not possibly be cured by amendment. *Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003). In other words, if allowing a party to amend its pleading would be futile, district courts properly decline to grant leave to amend. *Thinket Ink Info. Res., Inc. v. Sun Microsys., Inc.*, 368 F.3d 1053, 1061 (9th Cir. 2004) (citing *Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991)).

### III.   REQUEST FOR JUDICIAL NOTICE

The City seeks judicial notice of three documents, each of which were attached to the Declaration of Stacy J. Plotkin-Wolff ("Plotkin-Wolff Decl."): (1) Exhibit 1, the Complaint-Misdemeanor from Plaintiff's Superior Court file dated June 19, 2020; (2) Exhibit 2, the Notice to Appear from Plaintiff's Superior Court file dated June 19, 2020; and (3) Exhibit 3, ten Complaint-Misdemeanors filed in Superior Court between April 26, 2019, and June 3, 2020. ECF No. 24-2. Plaintiff objects to all exhibits. ECF No. 26 at 3-4.

Federal Rule of Evidence 201 allows a court to take judicial notice of documents "whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). This includes "tak[ing] judicial notice of matters of public record without converting a motion to dismiss into a motion for summary judgment. *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001) (internal quotation marks and citation omitted). "But a court cannot take notice of disputed facts contained in such public records." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999 (9th Cir. 2018) (citing *Lee*, 250 F.3d at 689).

Plaintiff argues the accuracy of the City's Exhibits is in dispute because the Superior Court is "an arm of the City." ECF No. 26 at 3. This is obviously inaccurate. The Superior Court of California is an arm of the State of California, not the City.[4] The accuracy of the source cannot be questioned, and the documents the City requests to be noticed can be accurately and readily determined. Accordingly, the Court **GRANTS** the request for judicial notice.

---

[4] www.sdcourt.ca.gov

## IV.  LEGAL ANALYSIS

### A. Plaintiff Fails to State a § 1983 Malicious Prosecution Claim

To state a § 1983 claim, Plaintiff must show (1) deprivation of a constitutional or federal statutory right and (2) "the alleged violation was committed by a person acting under the color of State law." *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006). To state a malicious prosecution claim, Plaintiff must show Defendants prosecuted him (1) with malice, (2) without probable cause, and (3) with the intent to deny equal protection or another specific constitutional right. *Awabdy v. City of Adelanto*, 368 F.3d 1062, 1066 (9th Cir. 2004) (citation omitted). Plaintiff must also show "favorable termination" of the criminal proceedings. *Thompson v. Clark*, 596 U.S. 36, 39 (2022). To demonstrate favorable termination, "[P]laintiff need only show that his prosecution ended without a conviction."[5] *Id*. "Malicious prosecution actions are not limited to suits against prosecutors but may be brought . . . against other persons who have wrongfully caused the charges to be filed."[6] *Awabdy*, 368 F.3d at 1066 (citation omitted).

Despite construing Plaintiff's SAC liberally, *Hebbe*, 627 F.3d at 342, it is beyond doubt that Plaintiff cannot establish a lack of probable cause related to his prosecution for violating PC 626.6. The relevant part of PC 626.6 states, "if the person willfully and knowingly reenters upon the campus or facility within seven days after being directed to leave, the person is guilty of a misdemeanor . . . ." The facts here, *supra* § I-B, are simple. On February 12, 2020, Plaintiff was served with a PC 626.6 order prohibiting him from entering SDSU for seven days. Plaintiff indicated a willfulness to ignore the order by

---

[5] The March 17, 2022, dismissal of Plaintiff's case demonstrates favorable termination. SAC ¶ 105.

[6] SDSUPD Defendants incorrectly argue Plaintiff cannot recover against the non-arresting officers. SDSUPD Mot. at 11; ECF No. 27 at 3. SDSUPD Defendants' argument lacks legal authority and contradicts Ninth Circuit case law. *Awabdy*, 368 F.3d at 1067 (Section 1983 claims may be brought against "state or local officials who . . . knowingly provided misinformation to [the prosecutor] . . . or otherwise engaged in wrongful or bad faith conduct that was actively instrumental in causing the initiation of legal proceedings").

emailing Chief Mays and stating, "I will defy your unlawful order." On February 18, 2020, six days later, Plaintiff knowingly entered SDSU and was arrested for violating the order.

Plaintiff incorrectly asserts probable cause was required for the stay-away order to be issued. *See* SAC ¶¶ 87-90. Probable cause is the Fourth Amendment standard for an arrest, whereas reasonableness is the standard under PC 626.6 (". . . it reasonably appears to the chief administrative officer . . ."). Plaintiff also incorrectly asserts SDSUPD extended his campus prohibition from seven days to nine days. SAC ¶ 5. The seven-day prohibition began on February 12, 2020, when Plaintiff was served with the stay-away order, not on February 10, when Plaintiff's actions at SDSU led to the order being issued. *See* PC 626.6. Plaintiff's allegations of why SDSUPD issued the order are immaterial here.[7] There was probable cause under PC 626.6 to arrest him when he "willfully and knowingly" reentered SDSU within seven days. Plaintiff would have never been arrested, thus never prosecuted, had he not chosen to violate the order. As such, Plaintiff fails to state a § 1983 claim for malicious prosecution under the Fourth Amendment.

Plaintiff also alleges, albeit vaguely, malicious prosecution under the Fourteenth Amendment. Plaintiff's first, third, and fourth causes of action all allege "violation of Plaintiff's constitutional rights of due process under the Fourth Amendment and Fourteenth Amendment of the U.S. Constitution." SAC ¶¶ 95, 126, 135. These claims also fail because "no substantive due process right exists under the Fourteenth Amendment to be free from prosecution without probable cause." *Awabdy*, 368 F.3d at 1069 (citing *Albright v. Oliver*, 510 U.S. 266, 268, 271 (1994)). Further, Plaintiff does not state any non-conclusory facts to allege violations of his Fourteenth Amendment right to equal protection. Thus, Plaintiff fails to state a § 1983 claim for malicious prosecution under the Fourteenth Amendment.

---

[7] Plaintiff spends much of the SAC recounting irrelevant details stemming from a prior incident on March 4, 2019. Also, Plaintiff's opposition is full of disrespectful and unnecessary ad hominem attacks on SDSUPD Defendants, yet completely devoid of relevant legal authority. *See* ECF No. 25.

Plaintiff fails to state a § 1983 claim for malicious prosecution under either the Fourth or Fourteenth Amendments against SDSUPD Defendants and Does 21-50.[8] Further, the Court does not believe Plaintiff can sufficiently cure the deficiencies of the SAC, rendering amendment futile. *Chappel*, 232 F.3d at 725-26; *Jackson*, 353 F.3d at 758. Therefore, Plaintiff's first and fourth causes of action are **DISMISSED with prejudice**.

### B. Plaintiff Fails to State a *Monell* Claim

In dismissing the FAC, the Court noted that Plaintiff's *Monell* allegations were conclusory, insufficient, and "must set forth some factual allegations that 'plausibly suggest an entitlement to relief' against the City." Prior Order at 11. Despite Plaintiff's modifications, the SAC still fails to state a *Monell* claim.

Under *Monell*, Plaintiff must prove: (1) he possessed and was deprived of a constitutional right; (2) the City had a policy; (3) the policy amounted to deliberate indifference to his constitutional right; and (4) the policy was the moving force behind the constitutional deprivation. *Dougherty v. City of Covina*, 654 F.3d 892, 900 (9th Cir. 2011). Plaintiff can allege a policy in three ways: (1) the City acted based on an expressly adopted official policy; (2) the City had a longstanding practice or custom; or (3) a City official with "final policy-making authority" either committed the constitutional tort or ratified a subordinate's unconstitutional conduct. *Gordon v. County of Orange*, 6 F.4th 961, 973-74 (9th Cir. 2021) (internal quotation marks and citations omitted).

Plaintiff alleges "the City of San Diego had two long-standing policies[9] in the filing of misdemeanor complaints." SAC ¶ 115. Policy A "allow[s] misdemeanor complaints to be filed with no description of the charged criminal conduct particularized to the individual, but rather only a recitation of the statute charged." *Id*. Plaintiff asserts Policy A is

---

[8] The Court declines to address SDSUPD Defendants' alternative argument of qualified immunity and the City's alternative arguments that Does 21-50 are entitled to prosecutorial or qualified immunity.

[9] Plaintiff refers to these alleged policies as "Policy A" and "Policy B" but does not attach any official City policies to the SAC. *See* SAC ¶¶ 115-25.

deliberately indifferent to his Sixth and Fourteenth Amendment rights to fair notice and due process. *Id*. at ¶ 121. Policy B "allow[s] misdemeanor complaints to be filed without compliance with Cal. Penal Code § 740 [("PC 740")]."[10] *Id*. at ¶ 115. Plaintiff asserts Policy B allows unsigned misdemeanor criminal complaints and is deliberately indifferent to his Fourth Amendment right to be charged only upon probable cause. *Id*. at ¶ 124.

Regarding Policy A, Plaintiff alleges the City's criminal complaint filed against him mostly restates PC 626.6 and does not meet Sixth and Fourteenth Amendment standards. *Id*. at ¶¶ 111-12. First, Plaintiff incorrectly asserts the "complaint's near-recitation of a statute" is insufficient to satisfy the Sixth Amendment's guarantee of "a description of the charges against him in sufficient detail to enable him to prepare his defense." *Id*. (quoting *Gautt v. Lewis*, 489 F.3d 993, 1003 (9th Cir. 2007)). To satisfy the Sixth and Fourteenth Amendments, a criminal complaint must "state the elements of an offense charged with sufficient clarity. . . ." *Gautt*, 489 F.3d at 1003-04 (internal quotation marks and citations omitted). Further, "[a]n explicit citation to the precise statute at issue is best, but a brief factual recitation in the [complaint] can also suffice." *Id*. The City explicitly cited PC 626.6 when filing Plaintiff's criminal complaint, thus satisfying the Sixth and Fourteenth Amendments. *See* Plotkin-Wolff Decl., Ex. 1.

Regarding Policy B, Plaintiff alleges his criminal complaint "does not have a signature," violating PC 740. On its face, Plaintiff's argument fails because the criminal complaint was signed. *See* Plotkin-Wolff Decl., Ex. 1. To combat this inconvenient fact, Plaintiff argues "a squiggle of ink unrecognizable as a signature, and no printed name" does not qualify as a signature. SAC ¶ 117; *see also* ECF No. 26 at 3. This is incorrect. A signature is "[a] person's name or mark written by that person or at the person's direction." *Signature*, BLACK'S LAW DICTIONARY (12th ed. 2024). Legibility is not a requirement.

---

[10] PC 740 states, "[e]xcept as otherwise provided by law, all misdemeanors and infractions must be prosecuted by written complaint under oath subscribed by the complainant. Such complaint may be verified on information and belief."

More importantly, Plaintiff does not offer legal authority nor state non-conclusory facts explaining how Policy B, alleged non-compliance with PC 740, constitutes deliberate indifference under the Fourth Amendment.

Even if Plaintiff could sufficiently allege the existence of Policy A and Policy B for *Monell* purposes, he cannot demonstrate how those alleged policies deprived him of a constitutional right. *Dougherty*, 654 F.3d at 900. As the Court previously explained, *supra* § IV-A, Plaintiff also cannot state a § 1983 claim for malicious prosecution. By failing to sufficiently allege any constitutional deprivation, Plaintiff fails to state a *Monell* claim against the City. The Court does not believe Plaintiff can cure these deficiencies, so further amendment is futile. Therefore, Plaintiff's third cause of action is **DISMISSED with prejudice**.

## V. CONCLUSION

After due consideration and for the reasons discussed above, the Court **GRANTS** Defendants' motions to dismiss with prejudice.

**IT IS SO ORDERED.**

Dated: May 30, 2025

Honorable James E. Simmons Jr.
United States District Judge